[No. 3718.]

## THE HANDY DITCH CO. v. THE SOUTH SIDE DITCH CO. ET AL.

| | |
|---|---|
| 26 | 333 |
| f27 | 522 |
| 27 | 524 |
| 26 | 333 |
| 28 | 165 |
| 26 | 333 |
| d32 | 459 |
| 26 | 333 |
| f38 | 433 |

1. WATER RIGHTS — ADJUDICATION OF PRIORITIES — JURISDICTION — ESTOPPEL.

A party to an action to adjudicate and determine the priorities of water rights in a certain district who submitted to the adjudication without questioning the jurisdiction of the court and accepted and enjoyed the benefits of the decree for several years, will not be permitted to attack the decree and challenge the validity of the proceedings on the ground that the court had no jurisdiction for the reason that the district court of another county into which the water district extended had first acquired jurisdiction by appointing a referee who had proceeded to take some evidence before the court rendering the decree had taken any steps in the matter.

2. WATER RIGHTS—ADJUDICATION OF PRIORITIES—PARTIES.

Section 2434, Mills' Ann. Stats., providing that nothing in the act relating to the adjudication of priorities of water rights, nor any decree rendered thereunder, shall prevent the bringing of any suit theretofore authorized to determine the priority of right to use of water at any time within four years from the date of the decree, applies only to persons who were not parties to the proceeding in which such decree was entered or to parties whose rights of action grow out of matters arising subsequent to the decree.

*Error to the District Court of Larimer County.*

THIS is the second time that this case has been before this court. The opinion rendered on the former hearing is reported in 22 Colo. 102. The controversy, briefly stated, is as follows:

In May, 1887, the Handy Ditch Company filed a complaint in the district court of Larimer county against all the ditch and canal companies in irrigation district No. 4, for the purpose of adjudicating priorities of water rights for irrigation in that district, except the Home Supply Ditch and Reservoir Company, which brought suit for the same purpose against the owners of all the ditches in said district, except the Handy Ditch Company. To these complaints the Hillsboro

Irrigating Canal Company and the other defendants sever-
ally filed similar answers.

The first defense contained in each answer is set out in
the former opinion, and is, in substance, that irrigation district
No. 4, at the time of its creation and at the time of filing the
complaints, extended into Boulder county, and during all of
said times the district court of that county was the one in
which the first regular term after the 1st day of December in
each year occurs; that in October, 1881, proceedings were
duly instituted, pursuant to the act of 1881 relating to the
settling of priorities of rights for the use of water, in the dis-
trict court of Boulder county, wherein a referee was appointed,
proofs taken and a decree adjudicating the rights of all said
water companies in irrigation district No. 4 was duly rendered
on May 28, 1883.

As a third defense they pleaded the decree of the district
court of Boulder county, to which both plaintiffs and defend-
ants were parties, as *res adjudicata* of the controversy. To
these defenses the plaintiff demurred, on the ground that
they did not state facts sufficient to constitute a defense. The
court sustained the demurrers, the two cases were consoli-
dated on March 14, 1888, and proceeded thereafter in the
name of plaintiff in error against the other companies de-
fendant.

On the issues joined by the second defense, the court ap-
pointed a referee and proceeded to a final adjudication of the
action, and rendered a decree varying in important particulars
from the decree rendered in the district court of Boulder
county in the statutory proceeding. From this judgment
the defendant companies prosecuted the former appeal to this
court, and assigned as error that the district court erred in
sustaining the demurrers to the first and third defenses.

This court reversed the decree of the district court of
Larimer county on these grounds. Upon the cause being
remanded, the plaintiff filed a replication to the first defense,
which in substance admitted the facts therein alleged, but
averred that before the commencement of the proceedings

in the district court of Boulder county, the district court of Larimer county had entered an order appointing one Wm. B. Osborn referee, for the purpose of taking proofs and adjudicating the rights of ditch water owners under the provisions of the act of 1881; that said Osborn qualified and took a large amount of testimony, and that said proceedings were pending on October 21, 1881, and had never been dismissed.

No replication to the third defense, setting up the plea of *res adjudicata*, was filed. To the replication to the first defense the defendants filed a demurrer, upon the ground that it was not sufficient in law to constitute a reply; second, that from the facts stated in the replication, the district court of Larimer county had no jurisdiction. The court below sustained the demurrer and dismissed the action. To this judgment the present writ of error is prosecuted.

Messrs. Teller, Orahood & Morgan, for plaintiff in error.

Mr. H. N. Haynes and Mr. E. A. Ballard, for defendants in error.

Per Curiam. In the opinion rendered upon the former appeal we held that sec. 19, p. 100, Sess. Laws, 1879, when considered in connection with other sections of the irrigation act, vested exclusive jurisdiction in the matter of adjudication of water rights in one district court; and that that court, as therein designated, when more than one county was included in an irrigation district, was the one in which the first regular term after the first day of December soonest occurred; and that from the facts pleaded in the answer and admitted by the demurrer, it appeared that the district court of Boulder county was the one that met this requirement; that a proceeding for the adjudication of water rights in district No. 4, had been duly commenced therein, had proceeded to final decree, and that all parties plaintiff and defendant having had due notice, and appearing in said proceedings, and submitting the proofs of their priorities, such adjudication was *res*

*adjudicata* of the questions sought to be here litigated; and that the district court of Larimer county was therefore without jurisdiction to entertain the action.

The plaintiff, by its replication, presents for the first time in the history of this litigation, the fact that prior to the institution of the proceeding in the district court of Boulder county, the district court of Larimer county had entered an order appointing a referee, who had qualified and taken some evidence. And the contention now is that by the entry of this order exclusive jurisdiction over the subject of water rights in irrigation district No. 4 was vested in the district court of Larimer county, by virtue of the concluding sentence, Sess. Laws, 1879, sec. 19, p. 100, which follows that portion which designates the proper county in which the proceedings shall be commenced, and which provides:

" But where such proceeding shall be once commenced, by the entry of an order appointing a referee in the manner and for the purpose hereinafter in this act provided, such court shall thereafter retain exclusive jurisdiction of the whole subject until final adjudication thereof is had, notwithstanding any law to the contrary now in force."

We do not think that the plaintiff is in a position to raise this question at this time, or to avail itself of this objection in this action. It was a party to the original proceeding in the district court of Boulder county, and without in any manner questioning the jurisdiction of that court to entertain the proceeding, submitted to the adjudication of its rights therein, and for several years accepted the result of that adjudication and enjoyed the right thereby decreed to it. As was said in *Denver City Irrigation & Water Company v. Middaugh*, 12 Colo. 434:

" It is a familiar principle of the law that a party accepting and retaining the fruits of a void judgment is estopped from assailing the judgment itself." *Arthur v. Israel*, 15 Colo. 147; *Duff v. Wynkoop*, 74 Pa. St. 300; *The Boulder & Weld County Ditch Co. v. The Lower Boulder Ditch Co.*, 22 Colo. 115.

We think this principle of equitable estoppel is particularly applicable to a case like this, where the court assuming to act was ostensibly the proper court and the one primarily vested with jurisdiction of the subject, and whose right to exercise such jurisdiction can be questioned only in the event that some other court has taken prior action. Under such circumstances, a party desiring to avail himself of the fact that such prior action has been had, should be required to make his objection in apt time, and in some proper manner give notice of the existence of that fact to the court in which the statutory proceeding is subsequently commenced; and should not be permitted to remain silent until after time has been consumed and expense incurred in taking testimony, and the rights of all parties interested have been settled, and then challenge the validity of the proceedings. But aside from these considerations, the rule announced in *The Montrose Canal Co. v. Loutsenhizer Ditch Co.*, 23 Colo. 233, is decisive of this case. We there held that in enacting Mills' Ann. Stats. sec. 2434 (being Sess. Laws, 1881, sec. 34, p. 159), it was not within the contemplation of the legislature to confer the right to maintain such an action as this, by parties to a former proceeding; but that in view of the ample opportunities afforded such parties for rehearing and review by other sections of the statute, it had in contemplation an action by a person, association or corporation that was not a party to a prior proceeding; or if a party thereto, whose right of action grows out of matters arising subsequent to the decree. Whether, therefore, the construction contended for by counsel is correct or not, a question we do not decide, we are of opinion that plaintiff is not entitled to avail itself of this objection at this time, or to question the jurisdiction of the district court of Boulder county in this collateral proceeding. The judgment of the district court dismissing the action is accordingly affirmed.

*Affirmed.*