[No. 3971.]

THE CONSOLIDATED HOME SUPPLY DITCH AND RESERVOIR
COMPANY v. THE NEW LOVELAND AND GREELEY IRRI-
GATION AND LAND COMPANY.

1. WATER RIGHTS—ADJUDICATION OF PRIORITIES—JURISDICTION.
A party to a proceeding to adjudicate the priorities of water rights,
who submitted to the adjudication without questioning the juris-
diction of the court and who accepted the benefit of the decree
awarding him a priority and for several years thereafter acquiesced
in the decree and enjoyed its benefits, will not be permitted to at-
tack the decree on the ground that the court had no jurisdiction
because the district court of another county had acquired jurisdic-
tion by appointing a referee to take testimony concerning the ad-
judication before the court rendering the decree had taken any
steps in the matter.

2. APPELLATE PRACTICE—FINDINGS OF TRIAL COURTS—WATER
RIGHTS—ABANDONMENT.
The findings of fact by the trial court on conflicting evidence upon the
question of abandonment of water rights will not be disturbed on
appeal though the appellate court might have reached a different
conclusion had they been the triers of facts.

3. WATER RIGHTS—ADJUDICATION OF PRIORITIES—JURISDICTION.
Where a district court properly obtains jurisdiction and proceeds un-
der the statute to adjudicate the priorities of water rights in a
water district and enters a decree awarding priorities, its jurisdic-
tion is exclusive, and as between parties to such decree another
district court has no jurisdiction in an ordinary civil action to re-
view such decree or to pass upon questions of priority to the use
of water between the parties thereto, and a judgment by another
court attempting such review or to pass upon questions settled by
such decree is void and may not be pleaded as *res judicata* in a
subsequent action involving the same questions in the court hav-
ing jurisdiction.

*Error to the District Court of Boulder County.*

Mr. H. N. HAYNES and Mr. BYRON L. CARR, for plain-
tiff in error.

Mr. JAMES W. McCREERY and Mr. HUGH BUTLER, for
defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

This action was brought by defendant in error, plaintiff below, to restrain the plaintiff in error, defendant below, and the water commissioner in water district No. 4, from interfering with the plaintiff's use of water for the purposes of irrigation.   The plaintiff pleaded, as the evidence of its right, a decree of the district court of Boulder county rendered in 1883 in the statutory proceedings for determining the priorities of right to use water for purposes of irrigation in the water district in which the ditches are situate, by which its several priorities were determined to be superior to each and all of the priorities thereby awarded to the ditch of defendant company.   Several defenses were interposed in the answer to the complaint, only three of which are material upon this review.   It is doubtful if any of them is sufficiently pleaded to raise the questions argued, but at the request of counsel for both parties we shall, to save costs and relieve the courts of unnecessary litigation, proceed as though the facts constituting the supposed defenses, as both parties concede them to be, were fully and accurately pleaded.

1. The second defense of the answer averred that the district court of Boulder county, in which the decree relied upon by the plaintiff was rendered, was without jurisdiction, since before the institution of proceedings therein, the district court of Larimer county entered an order appointing a referee to take testimony concerning the adjudication of water rights in that district; and that by the entry of that order, and the commencement of proceedings therein, the district court of Larimer county acquired exclusive jurisdiction of such adjudication, under section 19, p. 100, Session Laws of 1879, so providing.   This defense must be considered in the light of the complaint, to which it is addressed.   A similar contention was made in *Handy Ditch Company v. South Side Ditch Company*, 58 Pac. Rep. 30; 26 Colo. 333, and it was there held that the party making it was not in a

position to urge the point. There, as here, it appeared that the plaintiff and defendant were parties to the proceedings in the district court of Boulder county, and therein a priority of right was awarded to each. No objection was made by any one to the jurisdiction of the district court of Boulder county at the time the proceedings were therein pending; and for several years thereafter defendant acquiesced in the decree and enjoyed its benefits. It cannot therefore be heard in this action to say that the decree of the district court of Boulder county is not binding upon it. *The Boulder and Weld County Ditch Co. v. The Lower Boulder Ditch Co.*, 22 Colo. 115.

2. The third defense of the answer pleaded an abandonment in 1883 by the plaintiff of the last of its several priorities, and the subsequent use and enjoyment of the same by the defendant. This raised a question of fact, which was decided by the trial court adversely to defendant. As is often the case, there was a serious conflict in the evidence offered by the opposing parties upon this issue. After an examination of the record, we are not disposed, under the well settled rule in this jurisdiction, to interfere with the finding made by the trial court; even though, had we been the triers of facts, a different conclusion might have been reached. We do not say that a different conclusion would have been reached by us, but it is enough to say that this case does not come within any of the exceptions to the general rule under which we would be justified in setting aside the findings of the trial court.

3. The fourth defense of the answer in substance alleges that some time during the year 1887 an action was pending in some court, which, though not alleged, we shall assume to be the district court of Larimer county, wherein the present plaintiff and defendant were parties, and that some time thereafter, the date not being stated, a decree was rendered whereby the defendant was adjudged to have a right to the use of water for irrigation from the Big Thompson river, the common source of supply, superior to the last priority of

the plaintiff, which the latter claimed under the decree of
the district court of Boulder county of 1883.    That is to say,
an attempt was made to plead that the matter in dispute
sought to be litigated in the present action was determined
adversely to plaintiff in the action in the district court of
Larimer county, and the decree therein was pleaded as *res
adjudicata* of the present controversy.    The sufficiency of
this defense must also be considered in connection with the
complaint.    The defense is not good under the decisions of
this court in *Louden Irr. Canal Co. v. Handy Ditch Co.*, 22
Colo. 102, *The Boulder and Weld County Ditch Co. v. The
Lower Boulder Ditch Co., supra, Montrose Canal Co. v. Lout-
senhizer Ditch Co.*, 23 Colo. 233, and *Handy Ditch Co. v.
South Side Ditch Co., supra.*    It sets up a decree rendered in
an ordinary civil action instituted under the code, by which
an attempt was made to settle, as between the parties to that
action, their respective priorities of right to the use of water
for irrigation in water district No. 4 in this state, after an
adjudication of the same matters had been had by the district
court of Boulder county in the statutory proceedings spe-
cially provided for that purpose, in which the litigants were
parties and received decrees to which they have not objected
in the only way the statute permits.    In the cases just cited
it was held that it was not within the contemplation of our
general assembly in its enactments governing this matter, to
confer the right to maintain such an action upon parties to
the former statutory proceeding; but that it was the inten-
tion merely to afford a concurrent remedy for the benefit of
one not a party thereto.    It was further held that one who
had thus availed himself of the statutory proceeding, as de-
fendant has done, is not in a position in such an action as
the present one, to question the jurisdiction of the court in
the former proceeding.    Counsel for plaintiff in error, how-
ever, say this doctrine would apply had the objection been
interposed when the suit was pending in the district court of
Larimer county; and that it might have been raised, and
would have been sustained in this court upon a review of

the judgment rendered in that action; but that it is inapplicable upon this hearing. The general assembly, having provided a special procedure for ascertaining and adjudicating the priorities of right to the use of water for irrigation in this state, and having thereby declared that the district court which first properly obtained jurisdiction therein acquired exclusive jurisdiction over such matters, which it maintains over all causes relating thereto, we are of opinion that since it is conceded, and appears of record, that the district court of Boulder county properly obtained jurisdiction in the proceedings which culminated in the decree of 1883, the district court of Larimer county did not, in the action which is relied upon in the fourth defense, have the power to review the decree of the district court of Boulder county, and that its attempt so to do was wholly without jurisdiction and its judgment therein void. It follows from the foregoing that the judgment below should be affirmed, and it is so ordered.

*Affirmed.*