[No. 5264.]
[No. 2893 C. A.]

## KERR v. BURNS ET AL.

1. **Constitutional Law — District Courts — Jurisdiction — Water Rights.**

Section 11, art. 6, Colo. const., gives the district court jurisdiction of all causes both at law and equity, and jurisdiction to determine claims to priorities in the appropriation of water from public streams. Held, that such jurisdiction is not affected by the statutes dividing the state into water districts and providing for the adjudication of priorities in same.—P. 289.

2. **Water Rights — District Courts — Jurisdiction — Waiver — Estoppel.**

The district court having had jurisdiction of the subject-matter of a proceeding involving the adjudication of water rights in a particular stream, a defendant therein is estopped to assert for the first time, in an action brought nine years later, that the court in the first proceeding was without jurisdiction, on the ground that the adjudication should, under the statutes, have covered all the priorities from such stream, where defendant voluntarily submitted himself to the jurisdiction of the court in the first proceeding, and fully participated therein except that he objected to the findings and decree proposed by the referee, and appealed from a judgment approving the same, which was later affirmed, and in addition received and used water under such award.—P. 289.

3. **Judges—Disqualification—Consent.**

Section 429, Mills' Ann. Code, provides that a judge shall not sit in a case in which he has been an attorney unless by consent of all the parties. Held, that a judge who had acted as an attorney for one of the parties was not thereby disqualified where all the parties participated in the proceeding without objection, since such acquiescence is equivalent to an affirmative consent.—P. 290.

4. **Venue—Change—Right—Disqualification of Judge.**

Section 29, Mills' Ann. Code, provides for a change of venue when the judge is disqualified to try the action. Held, that since the action referred to is the action in which the change of venue is made, because the trial judge was an attorney in a suit in which certain priorities were adjudicated, such provision does not require a change of venue in an action to enjoin parties holding such priorities from taking more than they are entitled to.—P. 291.

5. **Appellate Practice—Change of Venue—Discretion of Trial Court.**

The granting or refusing of a change of venue is discretionary, and unless there is obvious abuse of discretion the refusal thereof is not reviewable.—P. 292.

6. **Water Rights—Decrees—Conclusiveness.**

All questions determined by a decree, adjudicating water priorities, affirmed on appeal, are res judicata as to a subsequent suit against certain owners thereof to enjoin them from taking more water than they are entitled to under such decree.—P. 292.

*Error to the District Court of La Plata County.*
*Hon. James L. Russell, Judge.*

Action by Thomas D. Burns, Mary Callen, A. J. Buchanan, J. W. McCaw and Edgar Buchanan against Thomas A. Kerr and Erwin W. Mead. From the decree, defendant Kerr brings error. *Affirmed.*

Mr. O. S. GALBREATH, for plaintiff in error.

Mr. REESE McCLOSKEY, for defendants in error.

In April, 1897, a final decree was entered by the district court of La Plata county, in a proceeding for the adjudication of the water rights connected with the waters of Hermosa creek, begun in October, 1893. By this decree priority No. 3 was awarded for one cubic foot of water per second to irrigate thirty-five acres of land; a part of which land belongs to plaintiff in error, who was defendant below, and the remainder to one Mead. By the same decree priority No. 4, for nine cubic feet of water per second to irrigate 435 acres of land, and priority No. 8, for two cubic feet of water per second to irrigate seventy acres of land, were awarded to defendants in error, who were plaintiffs below.

To the referee's findings in that proceeding plaintiff in error filed and argued exceptions, and after final decree was entered thereon, appealed the case to this court, where the decree was affirmed.

Hermosa creek is a tributary of the Rio Las Animas. And the lands in the state of Colorado irrigated by ditches or canals taking water from this river and its tributaries constitute water district No. 30.

On the 11th of February, 1902, a complaint was filed in the present action by defendants in error, who were the owners of the water covered by said priorities 4 and 8, with the exception of a small interest belonging to one McNally, against plaintiff in error Kerr and the said Mead. This complaint set forth a portion of the said water decree, showing the distribution therein of water to said priorities, the action of the water commissioner in distributing the water according to the decree, the alleged violation of the decree and of the rights of defendants in error by said Kerr and Mead through the diversion and use of more than the one foot of water awarded to priority No. 3; and a permanent injunction against the continuation of such alleged illegal and injurious diversion and use was prayed for.

At the date of the institution of the original water adjudication proceeding above mentioned, James L. Russell appeared therein as attorney for one William G. Allen; in 1895, and while said water adjudication was pending, said James L. Russell was elected judge of the district court of said district; and as such judge he proceeded with the adjudication, appointing a referee, receiving and approving the referee's report, and entering the said final decree thereon. He also presided at the trial of this cause below.

Mr. JUSTICE HELM delivered the opinion of the court:

The most important objection presented by the record before us rests upon the assertion of counsel

for plaintiff in error that the complaint filed herein fails to state a cause of action. This contention would, if true, of course, nullify the proceedings below and require a reversal of the judgment entered upon such complaint.

The present action is in equity; it is based upon the refusal of plaintiff in error and another to comply with a decree entered in 1897, adjudicating water priorities to appropriators from Hermosa creek, in La Plata county; such refusal resulting in injury to defendants in error, whose priorities were adjudicated at the same time, but were junior to that of plaintiff in error. The object of the action is to enjoin the latter and one Mead from using a greater quantity of water than they are entitled to use under said decree. So much of that water decree as covers the rights of the parties hereto, is necessarily set forth in the complaint and, of course, constitutes the basis of the action.

In support of the contention that the complaint fails to state a cause of action, plaintiff in error insists that said water decree of 1897 is absolutely void and without any force or effect. This alleged invalidity is made to rest upon the fact that that adjudication only related to priorities for water from Hermosa creek; whereas, so it is contended, the cause should have covered priorities for the entire water district No. 30, of which the lands irrigated from Hermosa creek were only a portion. Counsel urges the view that since the adoption of statutes dividing the state into water districts and providing for the adjudication of water priorities in those districts, no such proceeding as the one under consideration could take place; that water priorities must be determined for the entire district or not at all, there being no authority for adjudicating the same "piecemeal"; and therefore, that the court in said Hermosa creek

proceeding had no jurisdiction over the subject-matter.

We are not now called upon to consider the status or rights of an appropriator from the Las Animas river below the mouth of Hermosa creek, which is a tributary of said stream. No such appropriator is here complaining. And the petition originally filed in that proceeding averred, among other things, that the Animas river below the mouth of Hermosa creek carried a volume of water greatly in excess of the quantity diverted by all appropriators from said river. The interest of plaintiff in error is confined to water taken from Hermosa creek.

By article 6, section 2, of the constitution, the district court is given jurisdiction of all causes both at law and in equity. This jurisdiction is broad enough to cover the determination of questions relating to priorities in the appropriation of water from the public streams of the state. The statutes referred to by counsel were adopted for the purpose of enabling parties to adjudicate in one proceeding all such priorities throughout a prescribed district covering, so far as possible, a single natural stream with its tributaries. They do not enlarge or limit the constitutional jurisdiction of the district court in this respect; they simply designate that court as the exclusive tribunal for the trial of such proceedings.— *Broadmoor D. Co. v. Brookside W. & I. Co.*, 24 Colo. 525.

The district court of La Plata county, therefore, had jurisdiction over the subject-matter involved in the adjudication and decree of 1897. Plaintiff in error was a party to that proceeding; he voluntarily appeared and, without objection, submitted himself to the jurisdiction of the court; he offered evidence touching his claims to water and fully participated in the hearings before the referee; he excepted to the

findings and decree proposed by the referee and argued his exceptions before the court; from the judgment of the trial court approving that decree he appealed to this court and again presented and argued all matters complained of in the proceeding; and this court, after full and careful consideration, affirmed the decree.—*Kerr v. Dudley,* 26 Colo. 457.

At no time from the beginning to the end of the water proceeding did plaintiff in error suggest the jurisdictional objection now argued. It was only upon the institution of the present action, over nine years subsequent to the commencement of said cause, that he first attempted to raise this question. Moreover, during the period between the entries of the said decree and the beginning of the present action, plaintiff in error accepted the fruits of that adjudication. He received water according to the terms of the award therein made; he received and used water awarded by priority No. 1, as well as that given under priority No. 3, which latter priority is specifically involved in the case at bar. And even if the water decree of 1897 were void, plaintiff in error would be now estopped from repudiating or assailing the same.—*D. C. I. & W. Co. v. Middaugh,* 12 Colo. 436; *Arthur v. Israel,* 15 Colo. 152; *Handy Ditch Co. v. South Side Ditch Co.,* 26 Colo. 336.

In view of the foregoing conclusion in relation to the decree entered in the water priority adjudication, it is needless to discuss the further claim that said decree was void because the presiding judge was counsel for one of the parties at the inception of that proceeding in 1893.

Besides, this objection does not go to jurisdiction over the subject-matter. The statute upon which plaintiff in error relies—Civil Code, § 429—does not disqualify the judge under such circumstances when all parties consent to his acting. All the other parties

to that proceeding, as well as plaintiff in error, voluntarily appeared therein, taking active part without objection or protest in this respect. From first to last the action of Judge Russell in presiding over those proceedings was acquiesced in by everyone in any manner connected therewith. And such acquiescence must be held equivalent to an affirmative consent. The present objection, therefore, even had it been presented to this court on the appeal from the priority adjudication itself, would have been overruled. Much less is it available in the present controversy. Other reasons there are why this objection cannot now be favorably considered; but the foregoing is decisive.

The only remaining challenge worthy of notice attacks the court's action in overruling the motion of plaintiff in error for a change of venue. This motion also rests upon the fact last above considered, viz.: that Judge Russell, who presided in the present cause, likewise presided at the final trial of the Hermosa creek water adjudication, notwithstanding he had appeared as counsel for one of the parties at the institution of that proceeding.

Our civil code — section 29 — provides for a change of venue "when, from any cause, the judge is disqualified to try the action." The "action" there referred to is the action in which the motion for a change of venue is made. There is no claim that Judge Russell was ever attorney in the case at bar for any of the parties thereto. The specific objection urged in this connection is that he was counsel for a party at the inception of another and different proceeding, which was terminated by final decree five years before the present cause was instituted.

Clearly the judge was not disqualified to try this cause by virtue of the inhibition contained in section 429 of the code above referred to. He might have

granted the motion for a change of venue, without error; but the granting or refusing of such motions is discretionary; and unless there is obvious abuse of discretion, the refusal thereof is not reviewable.— *Doll v. Stewart,* 30 Colo. 327.

The subject-matter of this action is wholly different from that involved in the earlier proceeding. That was an adjudication of priorities between parties claiming different appropriations from the same natural stream. This is an action in equity to enjoin parties holding a certain decreed priority from taking more water than they are entitled to take under such priority, to the injury of plaintiffs, who claim by virtue of a junior priority given in the same decree. True, it happens that the present action is to maintain rights covered by the decree in the former proceeding. But obviously the issues, the evidence and the modes of procedure are widely different. And, since that decree is upheld as against the challenge of plaintiff in error in this case, all questions therein determined are, for the present purpose, *res judicata.*

Had a motion for a change of venue been submitted in the Hermosa creek water adjudication upon the ground now urged, the objection would have been within the statute and the cases cited by counsel might have been pertinent. But, in *People ex rel. v. District Court,* 26 Colo. 226, the county judge was entertaining and proceeding to hear an application to set aside the judgment entered by his predecessor two years before, in a case where he had acted as counsel for the losing party at the trial. And in *O'Connell v. Gavett,* 7 Colo. 41, the county judge was about to try a case in which he had been counsel for the losing party at a former trial, wherein, on motion, a new trial had previously been allowed.

No special intelligence or ability is required to

discover the radical difference between the action of those judges in denying motions for a change of venue, and the action of the trial judge in denying a similar motion in the case at bar.   And upon careful consideration of all the facts and circumstances we cannot hold that there was here such an abuse of discretion as requires a reversal of the judgment or decree now under review.

Several other matters are earnestly urged as constituting fatal errors at the trial below.   But all of these objections relate either to irregularities which could not have been prejudicial to plaintiff in error, or deal with matters touching the trial of the Hermosa creek water priority adjudication.   These objections are not well taken, and a discussion thereof would not be profitable.

·The decree of the court below is accordingly affirmed.                                   *Affirmed.*

Chief Justice Steele and Mr. Justice Maxwell concurring.  ·