## No. 9055.

### FIELD ET AL. *v.* KINCAID ET AL.

1. VENUE—*Subject of Action.* In an action instituted in Huerfano County District Court a decree was entered adjudicating the water rights in water district No. 16. At a later date a similar decree was entered in Pueblo District Court. There were no parties common to the two actions. Later, in an action instituted in Huerfano District Court, the defendants obtained an adjudication of their rights, differing from the terms of the Pueblo decree. An action was afterwards instituted in Huerfano District Court to restrain the State Engineer and other officials of the water service from interfering with the flow of the water of the Huerfano and other rivers of the district to the lands of the plaintiffs, and that the Pueblo decree be declared void. The plaintiffs claiming under the decree first entered in Huerfano County, and the defendants under that entered in Pueblo County, *held* that the subject matter of the action was in both counties, and therefore the defendant's petition for change of the place of trial was properly denied.

2. VOID DECREE—*Effect.* A decree void on its face may be so declared, by any other court. It is not proper to determine a question involved in the main suit on a mere motion for a change of venue.*

3. ESTOPPEL—*By Conduct.* Those who institute an action, obtain a decree, and avail themselves of it, will not be heard to afterwards deny the jurisdiction of the court.

4. *Pleading.* Where the facts constituting an estoppel are pleaded this is sufficient, though the purpose of the pleader is not set forth; but this method of pleading not recommended by the court.

5. *Who May be Estopped.* Where those consuming water, or claiming so to do, are estopped from asserting this claim the water officials controlling the distribution of the water are likewise estopped.

6. *Pleading—Demurrer,* to part of an answer purporting to state a separate defense is proper.

7. *Water Right—Second Adjudication of Priorities—Effect.* Where the appropriators have obtained an adjudication of priorities and subsequently join in suit and obtain a later adjudication upon the same claims of priority, from the same source the latter adjudication will control the first.

\* Syllabus by Denison, J.

*Error to Huerfano District Court, Hon. Granby Hillyer, Judge.*

*En banc.*

Mr. M. G. SAUNDERS, Messrs. MCCREERY & MCCREERY, Mr. S. S. PACKARD, Messrs. HARTMAN & BALLREICH, for plaintiffs in error.

Mr. CHARLES HAYDEN, Mr. J. C. SCHWEIGERT, Mr. JESSE G. NORTHCUTT, for defendants in error.

Mr. Justice Denison delivered the opinion of the court.

THE complaint in this suit was filed in the District Court of Huerfano County May 20th, 1913. It alleges that the plaintiffs and others similarly situated were the owners of water rights in Water District No. 16, consisting of the Huerfano River and its tributaries, including Pueblo and Huerfano Counties; that the defendants, Field, State Engineer; Chew, Division Engineer; Brown, Water Commissioner, were shutting down plaintiffs' headgates for the benefit of the other defendants, who owned rights further down the stream which they claimed were superior. The prayer was for injunction, that a decree mentioned hereinafter as the Pueblo decree be held void and for general relief. There was a demurrer to the complaint, various motions to strike, the case was finally tried and plaintiffs had judgment. The defendants, having leave to stand on their demurrer and objections to the evidence, introduced no evidence. The court entered a decree enjoining defendants from interfering with the flow of waters of the Huerfano and Cucharas Rivers into the ditches of the plaintiffs and

others mentioned in the decree. The defendants bring the case here on error.

In order to understand the full situation, it is necessary to review the legislation and decrees affecting Water District 16.

February 17th, 1879, the well-known act for the adjudication of water rights in Colorado was passed. This act created certain water districts and gave the Governor power to create more. None of the districts created by the act, however, included any stream now in question. February 23rd, 1881, another statute modifying and extending the act of 1879, was enacted. February 13th, 1885, an act was passed fixing terms of court in Huerfano County on the first Monday in June, and in Pueblo County on the fourth Monday in April. April 1st, 1885, the statute creating Water District 16 was enacted. March 24th, 1887, Pueblo County and Huerfano County, theretofore in the same judicial district, were placed in separate districts, and by the same act Huerfano County had a term of court beginning on the second Tuesday of December. May 20th, 1887, at the term of the Pueblo District Court beginning on the fourth Monday of April, suit was begun under the statute for the adjudication of water rights in District 16. On the 24th of January, 1888, at the December term of the Huerfano District Court, suit was begun to adjudicate the water rights in District 16. June 12th, 1889, a decree was entered in the Huerfano County suit, which for convenience is known as the Read decree. September 1st, 1891, a decree called the Pueblo decree was entered in said suit in Pueblo County. None of the parties owning the ditches to which water is adjudged by the Read decree seem to have appeared in the Pueblo suit; neither did any of those obtaining judgment in the Pueblo case appear in the Read case.

September 25, 1895, another suit was begun in Huerfano County, which ended February 23rd, 1898, in a decree adjudging certain water rights to various parties, and in this

case the parties defendant in the present case, or their grantors, appeared and obtained adjudications of their rights different from those granted them by the Pueblo decree. This is called the Killian decree.

The defendants moved for a change of place of trial on several grounds which when analyzed amount to two:

1. That the action affected real estate situated wholly in Pueblo County.

2. That the action was to enjoin or affect in some way a decree for irrigation rights rendered by the District Court of Pueblo County.

1. Upon the first ground: A water right can be said to be "situated" (Code § 25) only at the point of diversion or at the place of use, we do not decide which. The rights of the plaintiffs are all diverted and used and therefore "situated" in Huerfano County, and those of the defendants in Pueblo County.

Defendants claim that the "subject of the action" (Code § 25) is their rights, situated in Pueblo County, while plaintiffs claim that it is their rights, situated in Huerfano County. It would appear to be as much one as the other that will be adversely or beneficially affected by the decision. If, therefore, the subject of the action is to be regarded as that property which is affected by the decision, the motion so far as this ground is concerned was rightly denied, because the subject of the action is in both counties. (Code § 25). We do not see how the subject of the action in any view of the case can be said to be wholly in Pueblo County, and so must say that the first ground of the motion was not good.

The second ground of the motion was that the Pueblo decree was sought to be set aside or varied or modified by the present suit, and that the only court that could do that was the Pueblo court, and that therefore the Huerfano court was without jurisdiction. If the Huerfano court was without jurisdiction, it was ground for dismissal, not for change of venue. However, even though it is true that the

prayer of the bill in the present case asked that the Pueblo decree be held null and void, and the decree in the present case declares it to be null and void (see para. 11 of the decree), it does not follow that the Huerfano court had no jurisdiction, because the suit was to settle the relative rights of the parties under the several decrees and might be (indeed later in this opinion is) decided on another point than the invalidity of the Pueblo decree. Moreover, any court has a right to declare the decree of any other court null and void for want of jurisdiction, or rather has a right to proceed as if there were no such decree, if it is void on its face. It was within the power, therefore, of the Huerfano court to determine whether the Pueblo decree was void on its face or not, but, since that question was one of the questions involved in the main suit, it was not proper, or at least the court was not bound, to decide it on motion.

If it could be said that in order to decide for plaintiffs the Huerfano court must hold the Pueblo decree to be void, it might with equal truth be said, if there should be a transfer of the case to Pueblo, that in order to decide for defendants the Pueblo court must hold the Read decree to be void. *Summit County v. Lake County,* not yet reported.

There was no error in the denial of the motion.

The principal ground upon which defendants rely for reversal is that the Huerfano court had no jurisdiction of the Read case or the Killian case, and hard questions are raised, based on S. L. 1879, p. 99, §§ 19 and 29, S. L. 1881, p. 144, § 3, and the acts creating Water District 16 and changing the terms of court in Huerfano County, but we do not find it necessary to determine them.

The court found, and the finding was justified by the evidence, that all the defendants or their grantors were parties to the Killian decree and took advantage of it and that water had been distributed to them for many years under it.

It was Pueblo County claimants who initiated the Killian case, apparently on the theory that the Read decree was

valid and superior to that of Pueblo; but, whatever the theory may have been, having submitted to the adjudication without questioning the jurisdiction and having received the benefits of the decree, they can not now claim that the Huerfano District Court had no jurisdiction. *Handy Ditch Co. v. So. Side Ditch Co.*, 26 Colo. 333, 58 Pac. 30; *Consol., etc., Ditch Co. v. New Loveland, etc., Co.*, 27 Colo. 521, 522, 62 Pac. 364.

Under the practice in this state, the Killian decree was in substance but a continuation of the Read decree, and, consequently, a confirmation of it. The Read and Killian decrees, therefore, as against these defendants, must stand.

It is urged by the defendants that advantage can not be taken of the fact that they procured adjudication under the Killian decree because it amounts to estoppel, and estoppel has not been pleaded. It is true that no special plea of estoppel as such has been set up by the plaintiffs, but the facts of the Killian decree and the distribution under it have been pleaded and proved, and it is they that constitute the estoppel. In pleading under the code the facts constituting a defense are sufficient without stating their purpose, though we do not recommend that method. And this is true whether they are alleged by one party or the other. 16 Cyc. 809-11. See also *Gilette v. Young*, 45 Colo. 562, 566, 101 Pac. 766.

We think what has been said requires the conclusion that the present judgment is right and should be affirmed. We are not to be understood as holding that the Pueblo decree was with or without jurisdiction.

Scott, J., not participating.

Judgment affirmed.

*On Petition for Rehearing.*

Opinion by Mr. Justice Denison.

Upon petition for rehearing plaintiffs in error say that the principal point which they urge is not that the Huerfano District Court had no jurisdiction to render the Read

and Killian decrees, but that it had no jurisdiition over this case because this is a suit to set aside the Pueblo decree rendered by the Pueblo District Court.

On this point we now restate what we said in our former opinion, that the court below had jurisdiction of the present case, notwithstanding the Pueblo decree is therein sought to be set aside and although the finding is that the same is void, because the real purpose of this case is to determine the relative rights of the parties, and that can be done without determining the validity of the Pueblo decree; also because any court has power to disregard any decree of any other court which on its face is void for want of jurisdiction, and such power involves the power to determine whether it is thus void. The ultimate power to determine whether such decree is thus void is, of course, in the court of last resort.

In the present case, if the determination of such question were necessary to the determination of the case, we should determine it.

We adhere to the conclusion expressed in our original opinion, that the question of the validity of the Pueblo decree is not necessary to the question of the affirmance or reversal of this case. The parties now before us were all in the Killian case and are bound by the Killian decree, which is shown by the complaint and the evidence to be later than that of Pueblo. The decision in this present case was that the water be distributed according to the Killian and Read decrees, which were practically one, and this decision was right whether the Pueblo court originally had jurisdiction or not.

Counsel are in error in supposing we held the Pueblo decree void. We held that the defendants were bound by the Killian decree whether the Pueblo decree was void or valid, and that therefore the decree in the present case was right.

Counsel are again in error in supposing that in affirming the judgment we necessarily adopt the finding of the court

below that the Pueblo decree was void.  We affirm a judgment if, for some sound reason appearing in the record, it is shown to be right, no matter how unfounded or insufficient may have been the reasons upon which the lower court proceeded.

The objection that the complaint is ambiguous, unintelligible and uncertain was waived by answer.

It is earnestly urged that the Pueblo decree and the continued taking of water thereunder by the defendants stand admitted in the pleadings; that since a demurrer to the defense alleging the Pueblo decree and continued distribution thereunder was sustained, that decree and the distribution and continued taking of water thereunder stand admitted. But the plaintiffs in their replication set up the Killian decree and alleged that the defendants appeared, obtained adjudication in that case and have ever since accepted its benefits and used water in accordance with it.  This, under the code, was taken as denied.  There was, then, an issue on that point, which was found for the plaintiffs.

The defendants were not, then, as they seem to claim, prevented from proving distribution under the Pueblo decree.  Upon the issue whether they had accepted benefits under the Killian decree, they might show, if they were able to do so, that they had always taken under the Pueblo decree, as evidence tending to show they had not taken under the other; and as to their being parties to the Killian case and making proof and obtaining adjudication therein there is no dispute.

The error, then, if it was an error, in sustaining the demurrer to the plea of the Pueblo decree, can not avail plaintiffs in error, because, for the purpose of this decision, we assume the truth of every fact stated in that plea, except such as were elsewhere in issue and determined against the plaintiffs in error.

It is urged that the water officials could not be estopped. If so, it does not follow that the users of water can not,

and if they can, then the officials can be enjoined from delivering water to them.

It is claimed that the answer of the water officials, not having been denied, stands admitted and controls the case. We can find nothing in this answer as shown in abstract or record that militates against our conclusions.

It follows from what has been said that the demurrer to the complaint was properly overruled.

It is proper to demur to part of an answer stating and (as in this case) purporting to state a separate defense. The objection, therefore, to plaintiff's demurrers on the ground that they were to separate parts of the answer is not well taken. Where defenses are commingled and do not purport to be separate, the better practice is to require them to be separated, to prevent confusion.

We were wrong in our former opinion where we said that the Killian decree and acceptance of its benefits had not been pleaded as an estoppel. They are expressly so pleaded in the replication.

Decided April 7, A. D. 1919. Rehearing denied October 6, A. D. 1919.