## No. 11,143.

## YELLOW JACKET IRRIGATION DISTRICT *v.* PLEASANT VALLEY RANCH CO.

Decided January 18, 1926.   Rehearing denied February 15, 1926.

Proceeding to have certain land declared not included within the boundaries of an irrigation district. Decree for plaintiff.

*Affirmed in Part.*

*Reversed in Part.*

1. PLEADING—*Demurrer—Waiver.*  Objections to pleadings raised by demurrer except that of insufficiency of facts, are waived by pleading over.

2. IRRIGATION DISTRICTS—*Directors—Territory.*  The board of directors of an irrigation district is the tribunal designated by statute to determine the question of inclusion or exclusion of territory; its decision is binding upon all parties and their privies in estate, and the question cannot be again raised between the same parties and their privies except upon some ground which has arisen since the former decision.

3. ESTOPPEL—*Judgment—Res Judicata.*  A wrong judgment is as effective an estoppel on the principle of res judicata as a right one.

4. RES JUDICATA—*Wrong Judgment.*  The principle of res judicata can be applied logically only in case of a wrong judgment, for its very essence is that the judgment must stand, even though wrong.

5. IRRIGATION DISTRICTS—*Exclusion of Lands.* Where a party, claiming to be the owner, makes application to the board of directors of an irrigation district to exclude lands therefrom, neither he nor his privies in estate can thereafter deny the ownership.

6. *Directors—Decisions—Effect.* The board of directors of an irrigation district is a tribunal whose decisions have the effect of judgments in matters over which it has jurisdiction.

7. PLEADING—*Estoppel.* In pleading estoppel, it is only necessary that the facts constituting estoppel be stated. It is not necessary that their purpose be expressed, although it should be.

8. IRRIGATION DISTRICTS—*Lands Included—Description.* In the determination of lands included within an irrigation district, there being a conflict between general and specific descriptions, the specific will control.

*Error to the District Court of Routt County, Hon. Charles E. Herrick, Judge.*

Mr. JOSEPH K. BOZARD, for plaintiff in error.

Messrs. GOODING & MONSON, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE defendant in error was plaintiff below and had a decree against the plaintiff in error declaring that certain of plaintiff's lands, i. e., the S. W. ¼ of section 33, the W. ½ of N. E. ¼ of section 28, and the W. ½ and the N. ½ of S. E. ¼ of section 28, all in Township 5 N. R. 84 W, Routt county, were not included in the district. The district brings error.

Demurrer to the complaint was overruled and demurrers to several defenses were sustained. It is claimed that the judgment is not sustained by the evidence. This claim is right except as to the E. ½ of S. W. ¼ of section 33.

As to the demurrer to the complaint all the grounds were waived by answering over, except that of insufficient facts,

which may be considered in connection with the sufficiency of the evidence, and so of the defenses to which demurrers were sustained.

The essential facts are undisputed and are as follows: The land was state school land and, December 4, 1907, was sold and certificate of purchase issued by the land board to one McWilliams. The certificate was assigned several times and finally to the plaintiff who made the final payment February 13, 1919, and received patent in 1920. In 1910 the defendant district was organized, and, pursuant to the statute then in force (R. S. '08, 3440-3443), the county commissioners fixed the boundaries thereof by resolution which in part reads as follows: "Resolved * * * that the following lands be and the same are hereby excluded from the operation of said district and to be no part thereof, to-wit: * * * also all state and government lands therein are excluded. After such exclusions the following lands are susceptible to irrigation from said irrigation system and come under and within the operation of said district, to-wit: * * * Sec. 28 and the W. ½ S. W. ¼ Sec. 33, in township 5 N. R. 84, W. 6th P. M."

December 4, 1913, one Frazier who was then the holder of the certificate covering the land in question petitioned the board of directors of the district, under R. S. 1908, §§ 3480-3485 (since amended), to exclude the land described in the decree and other land on the grounds, among others, that it was erroneously included and that part of the lands were school lands held under certificate of purchase from the state. The board granted the petition as to other land but on April 7, 1914, denied it as to the land in question, except the E. ½ S. W. ¼ section 33, and this decision is claimed as estoppel by judgment, res judicata. The claim is valid. The board is a tribunal designated by the above statute to determine the question of exclusion or inclusion; they have determined it; the decision binds the parties and their privies in estate; the plaintiff is privy in estate to Frazier and so is bound by the decision. The

question of exclusion cannot be again raised between the same parties or their privies except upon some ground which has arisen since the former decision. The point that the land was the property of the state and the state was not a party is irrelevant till the state questions the decision. The point that the land was the property of the state and therefore could not lawfully be included is without consequence, even if true, because a wrong judgment is as effective an estoppel, on the principle of res adjudicata, as a right one. Indeed the principle of res adjudicata can be applied logically only in case of a wrong judgment, for its very essence is that the judgment must stand even though wrong; if it is right it will stand anyhow and there can be in such case no occasion to apply the principle except for convenience. As to the E. ½ of S. W. ¼ section 33, the board found that the district had never claimed it. This is res adjudicata against the district; as to that tract, therefore, the judgment of the court below was correct.

The claim is made that Frazier had no power or authority to make the application for exclusion, but it is obvious that neither he nor his privies in estate can make that claim. He represented himself to be the owner, and neither he nor they can now deny it. What the state may do or might have done about the matter is a question not before us.

That the board of directors was a tribunal whose decision has the force of a judgment follows from *Wilder v. Irr. Dist.*, 55 Colo. 363, 371, 135 Pac. 461. The tribunal there under consideration was the board of county commissioners, but the analogy is complete.

It seems, also, that under *Wilder v. Irr. Dist., supra,* we must say that the inclusion by the county commissioners of all of the land in question except E. ½ S. W. ¼ section 33, in the original determination of the boundaries of the district amounts to res adjudicata upon the question whether it could be thus included. The land in question in that case could not have been lawfully included, but since it was included by order of the designated authority, the

county commissioners, and the owners neglected their statutory right then to object, this court held that they had had their day in court and therefore were bound by the decision.

It is claimed that these matters are not sufficiently pleaded but the only thing necessary is that the facts constituting estoppel be stated, which was done.   It is not necessary that their purpose be expressed, though it ought to be.   *Field v. Kincaid,* 67 Colo. 20, 184 Pac. 832; *Gillett v. Moore,* 74 Colo. 484, 223 Pac. 21.

It is claimed that the board of county commissioners did not include the land in question since it excluded "all state lands," but it afterwards in the same resolution included the land in question except the E. ½ S. W. ¼ of 33 by specific description.   The specific controls the general.

It is unnecessary to consider the other points raised in the briefs.

As to the W. ½ S. W. ¼ of section 33, the W. ½ and the W. ½ of N. E. ¼ of section 28, and the N. ½ S. E. ¼ of section 28, the judgment is reversed with directions to enter judgment for defendant.   The remainder of the judgment is affirmed.   Defendant in error to pay the costs in this court.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.