No. 22347.

In the Matter of the Estate of Minnie A. Lee, deceased, Robert H. Lee *v.* George M. Graber and Harold D. Lutz, Guardian Trustees; Harold N. Lee, Ruby Heighton, Leslie Williams.

(462 P.2d 492)

Decided December 15, 1969.

420

ROBERT C. BURROUGHS, PAUL A. MORRIS, for plaintiff in error.

ROBERT GEE, GEORGE M. GRABER, HAROLD D. LUTZ, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

ROBERT H. LEE, hereinafter called petitioner, brings this writ of error from a judgment of the district court denying, without an evidentiary hearing, his petition to declare certain transfers of real property to be advancements. Robert Lee is one of several children of Minnie A. Lee who died intestate in 1964. Before her death, Minnie Lee made several transfers of real property to her children. In 1945 she was involved with her son Harold N. Lee, one of the respondents to the petition, in the purchase and sale of certain property referred to as the "mountain property." In 1952 she transferred certain parcels of real property to her children, their prospective spouses and herself as joint tenants by separate deeds. It was these transactions which the petition sought to have declared advancements.

At the opening of the hearing in the district court, before any evidence was taken, counsel for the respondents moved that the petition be denied as a matter of law. After taking the matter under advisement, the trial judge ordered that the petition be denied on the grounds (1) that upon its face the petition showed as a matter of law that the transfers were not advancements because it was alleged therein that the decedent in her lifetime made gifts of property at approximately the same time to each of her children, and (2) that a transfer of real property in joint tenancy could not be the subject of an advancement to the donee. The judge later amended his order to reflect that the transfer involving the "mountain property," alleged by the petitioner to have been a transfer of a one-third interest from Minnie Lee to Harold Lee, could not be the subject of an advancement since that issue was foreclosed by an earlier court decree which was res judicata on that issue.

The petitioner contends here (1) that the allegations of the petition that gifts were made at approximately the same time to each of the children did not of themselves permit the court to hold that as a matter of law the gifts could not be the subject of an advancement; (2) that the gift of a joint interest in real estate held jointly with the donor is complete and irrevocable and may be the subject of an advancement; and (3) that the earlier court decree cannot act as res judicata on the issue relating to the mountain property because the court lacked jurisdiction over the subject matter. We disagree with the third contention of the petitioner, and we affirm the decision of the trial judge as it relates to the mountain property. However, we agree with the first and second contentions of the petitioner, and we remand this action to the trial court for a hearing in accordance with the views expressed in this opinion.

I.

In the order denying the petition, the trial court ruled that since the petition alleged that the gifts of property

in question were made by the decedent during her lifetime to each of her children at approximately the same time, the transfers were, as a matter of law, not advancements. In so doing, he relied on the case of *In re Wiese's Estate,* 222 Iowa 935, 270 N.W. 380. In the *Wiese* case, there was evidence that a father had made simultaneous gifts of money to all his children in exactly the same amount. On the basis of those facts, the Iowa court concluded that the usual presumption that a gift to a child was intended to be an advancement was rebutted. However, the facts relied upon by the Iowa court are not present in the record before us at this time. In his petition, Robert Lee alleged that the transfers of land by Minnie Lee, while made at approximately the same time, were not equal in value.

It is the rule in Colorado that in the absence of proof to the contrary, a parent is presumed to have intended to treat his children alike. Hence, when all that is known is that a gift was given to a child, a presumption arises that a gift of a substantial amount to the child without valuable consideration and not for the purpose of maintaining that child was intended to be an advancement. *Page v. Elwell,* 81 Colo. 73, 253 P. 1059. However, the actual intent is controlling and the presumption is rebuttable and all the circumstances surrounding the gifts must be considered by the court in determining the intent of the deceased.

II.

The trial judge ruled that the donor, Minnie Lee, did not irrevocably part with all control over the transferred property and the donees, her children, had not received a full and complete estate, and, therefore, the estates that had been transferred could not be the subjects of advancements. In so ruling, the trial judge relied upon our decision in *Albers v. Young,* 119 Colo. 37, 199 P.2d 890. However, the Albers case involved the creation of a joint bank account and is readily distinguishable from the present case.

■ An advancement is a perfect and irrevocable gift made by a parent during his lifetime to his child with the intention on the part of the donor that such gift shall represent a part, or the whole, of the portion of the donor's estate that the donee would be entitled to on the death of the donor intestate. *Page v. Elwell, supra.*

In *Albers v. Young, supra,* this Court held that the creation of a joint bank account in which the donor retained part of the interest was not a perfect and irrevocable gift. That holding is based on the special joint ownership situation created by joint bank accounts. C.R.S. 1963, 14-3-6 changes the usual law pertaining to joint ownership and provides in the case of joint bank accounts that any joint owner may withdraw for his own purposes the entire property. Under such provisions, the donor has the power to exercise complete dominion over the deposited funds up until the time he dies or until such funds are withdrawn by the donee.

■ The situation is markedly different when a joint tenancy in property is created in the absence of any statute such as that controlling joint bank accounts. In the case of real property, rights under a joint tenancy are fixed and vested in the joint tenants at the time of the creation of the joint tenancy. *Smith v. Greenburg,* 121 Colo. 417, 218 P.2d 514. Once a joint tenancy is created, the donor no longer has the power to exercise absolute dominion over the property. He may not treat the whole property as his own and cannot convey to a third party the interest he created in the joint tenant. While he may occupy the whole property, he cannot exclude the other joint tenants from their right to use and enjoy the property, and he is liable to them for any depleting use he may make of the land. *R. Powell, Real Property* §615 *et seq.; C. Moynihan, Introduction to the Law of Real Property* at 216-23 (1962).

Where personal property is concerned, decisions in other jurisdictions make it amply clear that a joint ownership created in personal property may be the subject

of a present, effective gift. *Collins v. McCanless,* 179 Tenn. 656, 169 S.W.2d 850.

██ It is clear to this Court that a gift of a joint interest in real property is complete, perfect and irrevocable. We conclude that our holding in *Albers v. Young, supra,* is limited to the special situation where a joint bank account is created, and the transfer of a joint interest in property that is not similarly restricted by statute can be the subject of an advancement.

### III.

In 1959, the petitioner filed a petition (first petition) in the Jefferson County Court to set aside the same conveyances of property referred to in the petition presently before the court (second petition). The first petition, in its final, amended form, alleged as part of the first claim for relief that Minnie A. Lee had contributed one-third of the purchase price of certain mountain property purchased by Harold N. Lee, that Harold Lee sold the property, and that no accounting had been made for the interest owned by Minnie Lee. A trial was held in the county court, and a jury rendered a verdict resolving the dispute concerning the mountain property.

The trial judge ruled that the decision of the jury in the county court is res judicata on the present issue of advancements relating to the mountain property. The petitioner argues that the judgment in the county court was rendered without jurisdiction over the subject matter since the jurisdictional amount to which the authority of the county court was limited at that time was $2,000 (C.R.S. '53, 37-6-2), and the value of the property referred to in the first petition was far in excess of the jurisdictional amount.

██ The rule is firmly entrenched in Colorado, as it is elsewhere, that the validity of a judgment depends on the court's jurisdiction of the person and the subject matter of the issue it decides, and a judgment rendered without jurisdiction is void and may be attacked directly

or collaterally. *Whitten v. Coit,* 153 Colo. 157, 385 P.2d 131.

 While a judgment rendered without jurisdiction is void and without legal effect, the doctrine of estoppel has been used by state courts to prevent certain parties from raising the issue of jurisdiction. Under this version of the doctrine of estoppel, one who has come into court, sought, and obtained a determination through judicial proceedings will not be permitted afterwards to claim that the court had no jurisdiction. *Fields v. Kincaid,* 67 Colo. 20, 184 P. 832; *Kerr v. Burns,* 42 Colo. 285, 93 P. 1120; *Consolidated Home-Supply Ditch & Reservoir Co. v. New Loveland & Greeley Irrigation & Land Co.,* 27 Colo. 521, 62 P. 364; *Handy Ditch Co. v. South Side Ditch Co.,* 26 Colo. 333, 58 P. 30; 3 *J. Story, Equity Jurisprudence* §2020 (14th ed. 1918); 1 *A. Freeman, Judgments* §320 (5th ed. 1925). Though called a doctrine of estoppel, this rule does not require all of the traditional elements of technical estoppel. *A. Freeman, Judgments, supra.*

 The doctrine of estoppel is not in direct conflict with the rule that a judgment rendered without jurisdiction is void. The purpose of the estoppel is not to give validity to a void decree, but to prevent a party, by reason of his conduct, from asserting the invalidity of such decree. See *Spellens v. Spellens,* 49 Cal.2d 210, 317 P.2d 613.

Because the effect of applying the doctrine of estoppel is not to validate a void decree, there is no reason why it cannot be applied in a situation where the party alleges that the court was without jurisdiction over the subject matter. In the present case, it is alleged that the court exceeded its statutory authority to hear actions involving an amount in controversy no greater than $2,000. The purpose behind so regulating the jurisdiction of the county court is to expedite the handling of small claims. This purpose, however, must be considered in the light of the policy that this state has recognized in other cases that a person cannot be allowed to invoke the jurisdiction of a court, acquiesce in the decree thus obtained; and

later question the validity of the judgment when it is enforced against him.

The petitioner not only acquiesced in the jurisdiction of the county court, he was the party who sought out and invoked that jurisdiction. There is nothing in the record to indicate that he ever directly challenged the jurisdiction of the county court, and he abided by the jury verdict until after the death of Minnie Lee a number of years later. It is, in our view, an abuse of process to permit one to invoke the jurisdiction of the court and then attack the judgment of that court on the grounds of lack of jurisdiction because he becomes dissatisfied with the result he obtained. Under the circumstances of this case we find that the petitioner is estopped by his conduct from asserting the invalidity of the judgment in the county court.

The judgment is reversed and the cause remanded with directions to the district court to proceed in accordance with the views expressed in this opinion on the question of whether the transfers of property to the children in joint tenancy were intended to be advancements.

MR. CHIEF JUSTICE McWILLIAMS, MR. JUSTICE KELLEY and MR. JUSTICE LEE concur.