THE BOULDER AND WELD COUNTY DITCH COMPANY ET AL. v. THE LOWER BOULDER DITCH COMPANY ET AL.

1. RES JUDICATA—WATER RIGHTS.

When the quantity of water to which parties to a proceeding under the irrigation acts of 1879–1881 are entitled has been determined by the decree, that question is *res judicata.*

2. ESTOPPEL.

Those who accept and participate in the benefits of a decree are estopped to deny its validity.

3. LIMITATIONS.

A decree in a proceeding under the irrigation acts cannot, in the absence of fraud, be reopened by a party thereto after the lapse of four years.

*Appeal from the District Court of Boulder County.*

Mr. R. H. WHITELEY and Messrs. ROGERS, SHAFROTH & WALLING, for appellants.

Mr. S. A. GIFFIN, Mr. B. L. CARR and Mr. F. P. SECOR, for appellees.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

This action was brought to obtain a decree adjudging to the plaintiffs the ownership of a right to the use of a designated quantity of water diverted from the natural stream of Middle Boulder creek, of which, it is alleged, the defendants had wrongfully deprived them. There are two causes of action set out in the amended complaint, the first of which grounds plaintiffs' rights upon a decree of court duly ren-

dered by the district court of Boulder county in certain proceedings under the irrigation statutes of 1879–1881. The second cause of action disregards the decree, and bases the right of plaintiffs upon a prior valid appropriation.

To this amended complaint defendants filed an answer containing three separate and distinct defenses, being substantially the same defenses to each of the causes of action. The first defense is a general denial of the material allegations of the amended complaint; the second a plea of *res adjudicata;* and the third a plea of the statute of limitations in bar of plaintiffs' right to recover.

To the second and third defenses plaintiffs interposed a demurrer on the ground that neither constituted a defense to the causes of action set out in the complaint. The district court overruled the demurrer, to which ruling the plaintiffs excepted. Thereupon plaintiffs elected to stand by their demurrer, and the court dismissed the complaint.

Assuming that there is an appeal from the final judgment, a question not argued by counsel and not considered by the court, the sole question, raised by the demurrer of the plaintiffs, is as to the sufficiency of the second and third defenses of the answer, designated, respectively, as the plea of *res adjudicata* and the plea of the statute of limitations.

It should be stated that in their first cause of action the plaintiffs allege that the amount of water which they now claim as against the defendants was awarded to the defendants by the prior decree of the district court; but that, nevertheless, plaintiffs' right thereto is a superior right and arises from the fact that the defendants *had never* used the same, and that plaintiffs, as appropriators, are entitled to the use of the amount of water included in defendants' decree, in excess of that actually applied by the defendants to a beneficial use.

From this it will be seen that the plaintiffs base their claim to such alleged excess, not upon an abandonment thereof by the defendants subsequent to the date of the decree, but upon the fact that defendants were not entitled to such excess,

though covered by their decree, because they *had never* used the same. This nonuse must refer to a period of time prior to the date of the decree, for in the same paragraph the plaintiffs say that during and since 1883, the year next ensuing after the decree was rendered, the defendants have continuously, though wrongfully, used such excess.

This reference is further manifest from the argument of counsel for appellants when giving their reasons for setting up two causes of action for the same wrong. Their theory was to rely upon the first cause of action, which expressly recognized the validity of the former decree, *provided* they could get a ruling from the court that the decree might still be reopened for material change, but if the court should hold that such matters were *res adjudicata*, then the plaintiffs would repudiate the decree and insist that it was void because the court pronouncing it proceeded upon an unconstitutional basis for determining the priority of rights of the different claimants, and that, the decree being void, the whole question of priority of rights to the use of water was still unsettled, and that it was now before the court for original adjudication.

There is no contention that either of these two defenses is defective as to form. Indeed, they contain all the formal requisites of, and all the allegations appropriate to, such defenses. 2 Black on Judgments, secs. 789, 790.

The second defense to the first cause of action substantially alleges that in the district court of Boulder county, in proceedings there pending under the irrigating statutes of the state, to which these plaintiffs and these defendants were parties, the same matters and claims now sought to be brought into controversy in the case at bar were fully and duly adjudicated, and decrees in said proceeding were duly rendered, as particularly set forth in the complaint, fully adjudicating all the rights of the parties to this action concerning the matters and things sought to be readjudicated in the case at bar, which former decrees are in full force and effect.

In addition to the foregoing matters, the second defense

to the second cause of action contains an allegation to the effect that ever since the said former decree was rendered, and for more than nine years prior to the beginning of the present action, the plaintiffs had claimed the right to use the amount of water given to them by the decree.

The third defenses to these two causes of action properly plead the special statute of limitations, which is a part of the general irrigation statutes of the state. General Statutes 1883, sec. 1797.

It will be observed that each of these defenses is pleaded as a bar to the cause of action to which it refers. In their first cause of action plaintiffs rely upon the validity of the former decree of the district court of Boulder county, but charge that it gave to the defendants more water than they were entitled to. In their second cause of action plaintiffs repudiate the former decree, and claim that their rights to the water in dispute were not determined thereby, but exist, without judicial determination, up to this time.

As to the first cause of action, the plea of *res adjudicata* is unquestionably good. One of the things determined and settled by the decree is the quantity of water to which the parties thereto were entitled. That decree remains in full force and effect, and these plaintiffs are not now entitled to readjudicate the same matters in this action.

The second defense is also good as a bar to the second cause of action. This second cause of action of the plaintiffs alleged that the decree gave to the defendants a quantity of water which the plaintiffs now claim, but, as already stated, that the decree is invalid. We do not find it necessary to consider the constitutionality of the acts under which this former decree was rendered, for this defense to the second cause of action alleges that this question of the quantity of water was determined by the former decree of the district court of Boulder county, and in addition to such allegation it is further alleged that ever since the rendition of the decree plaintiffs have participated in its benefits, and accepted its fruits by using the waters therein decreed to

them.   Therefore, the plaintiffs, having claimed and enjoyed rights under the decree, are estopped from assailing its validity, and are bound by the same.   *D. C. I. & W. Co. v. Middaugh*, 12 Colo. 434 ;   *Arthur v. Israel*, 15 Colo. 147.

By the third defenses to these two causes of action it appears that more than nine years have elapsed since the date of the decree which purported to settle precisely the same questions which are sought to be raised in this suit.   Meanwhile, no petition for reargument or a review of said decree was filed within the two years, nor was any other action for establishing these rights brought within the four years limited by the statute.   The decree cannot, at this late date, be reopened, under the allegations of this complaint.   This court, at the present term, in the case of *Louden Irrigation Canal Co. v. The Handy Ditch Co.*, *ante*, 102, in an exhaustive opinion by Chief Justice Hayt, has passed upon the questions involved in this case against the contention of appellants.   The law has been so clearly and explicitly laid down in that case that further consideration is unnecessary.

We are, however, cited to the case of the *New Mercer Ditch Co. v. Armstrong*, 21 Colo. 357, as authority for the position assumed here by appellants.   Counsel for appellants, however, misconceive the effect of the decision in that case if they deem it as authority in their favor.   There the appropriator, who relied upon the provisions of the decree for the full quantity of water awarded him, abandoned a part of the same, and had never made any use thereof for a long period of time after the decree was rendered, which quantity of water thereby abandoned by him was subsequently appropriated by others.   As against these subsequent appropriators, it was held that the decree offered no protection to the prior appropriator as to the entire quantity of water awarded, when, after the rendition of the decree, the claimant abandoned his rights to a portion thereof.

In the case at bar the question of the waste of water is not properly before us, nor is there, in the pleadings, any claim that the water right has been abandoned by defend-

ants. On the contrary, the plaintiffs allege that the right
to the use of the water in dispute never belonged to them.
If it never existed, it could not be abandoned. Hence the
doctrine of abandonment cannot be invoked. This is a sub-
stantial point, and not a matter of mere definition. *Stone
v. Geyser Co.*, 52 Cal. 315.

In the *New Mercer Ditch Company Case* it was expressly
held that the object of the defense was not a "setting up of
any claims to a priority of rights to water for irrigation in
this water district adverse, or contrary, to the effect of the
decree;" and that "after the expiration of the time limited
by the act, the decree cannot be reopened by a party thereto
in the absence of proof of fraud, for the purpose of reducing
the quantity of water therein awarded, or for any other ma-
terial change or correction." The judgment in that case
was based upon the fact shown by the evidence that one
who by the decree was awarded a certain quantity of water,
was entitled only to what he thereafter, and within a reason-
able time, used for a beneficial purpose, but as to any quan-
tity of water which, for a long series of years, he had made
no use at all, there could be, and was, an abandonment of
the same which was susceptible of appropriation by others.

Very different was that case from the case at bar, wherein
it expressly appears from the allegations of the complaint that
the defendants have continuously used the quantity of water
given to them by the decree ever since its rendition and up to
the time of the beginning of the present action, and the only
claim which plaintiffs make—aside from their unsuccessful
attack upon the validity of the former decree—of a right to
any quantity of water, is based upon the alleged fact that the
decree improperly granted to the defendants more water than
they had theretofore used. The amount of water, however,
to which the defendants were entitled, was expressly adjudi-
cated, according to the allegations of the plea of *res adjudi-
cata* interposed here, by the district court of Boulder county
in proceedings wherein these parties were duly represented.
For that reason the plaintiffs are now estopped to allege to

the contrary, as well as estopped to repudiate the decree whose benefits they have retained and long enjoyed.

It follows that the ruling of the court below as to the sufficiency of the second and third defenses of the answer was right, and the judgment should be affirmed.

*Affirmed.*