[No. 7096]

LARIMER COUNTY CANAL No. 2 IRRIGATING COMPANY v. PLEASANT VALLEY AND LAKE CANAL CO.

WATER RIGHTS—*Adjudication of Priorities—Decree—Effect*—A decree under the statute (Rev. Stat. c. 72, Art. IV) adjudicating the priorities to use of water for irrigation in a water district, determines, not only the respective priorities of the appropriators, but all other questions of law or right, growing out of, or involved therein. And such decree cannot be assailed in a collateral proceeding after the statutory period for review has expired, and the time for appeal has elapsed.

Nor, in the absence of fraud, can it be re-opened by a party, after the lapse of the statutory period.

*Error to Larimer District Court*—Hon. JAMES E. GARRIGUES, Judge.

Messrs. RHODES, TEMPLE & FOSTER, for plaintiffs in error.

Mr. GEO. CLAMMER, for defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the court.

This case was disposed of by the district court by sustaining a general demurrer to the complaint, and the only question involved is as to whether or not the complaint states facts sufficient to constitute a cause of action against the defendants. It is alleged in the complaint

that by virtue of a certain general adjudication decree entered in the district court of Larimer County on the 11th day of April, 1882, there was decreed to the plaintiff, as a part of said decree, priority No. 56 for irrigation purposes, amounting to 10,500 cubic feet of water per minute (175 cubic feet per second), of date of April 1st, 1873. The ditch was to be eleven miles in length with its headgate on the south side of the Cache la Poudre river.

It is then alleged that the construction of plaintiff's ditch was commenced on the first of April, 1873, and completed in the spring of 1874, and thereupon it began the immediate use of the appropriated water. That for a period of twenty years after the completion of its ditch, and for more than ten years after the date of said decree, plaintiff and its stockholders enjoyed during the entire irrigation season of each year, its said appropriation from the Cache la Poudre river, through its ditch and without interruption, and there was during said period and at all times a plentiful supply of water in the river to supply plaintiff's appropriation, to the end of each irrigation season; that beginning with the year 1892 plaintiff and its stockholders have been deprived of water for irrigation during the latter part of each season by the alleged wrongful conduct of the defendant.

It is then said that the defendant, The Pleasant Valley and Lake Canal Company "is the owner of a ditch with headgate on the south side of the Cache la Poudre river about one below the canon of the river, and above the headgate of plaintiff's ditch. That the defendant company's ditch extends in a south and easterly direction for a distance of three and one-half miles, through what is known as Pleasant Valley, where said ditch reaches what is known as Bingham Hill. That the said defendant company was a party to the said general adjudication decree of April 11th, 1882, and there was decreed to said

company priority No. 4 by construction, 10.9 cubic feet per second of time, of date of September 1, 1861; priority No. 11, 29.63 cubic feet per second of time, of date of June 10, 1864; priority No. 48 of 16.5 cubic feet per second of time of date of July 19, 1872, and priority No. 83 of 80.83 cubic feet per second of time of date of August 18, 1879; that in the year 1873, when plaintiff began the construction of its ditch, and in the year 1874, when it finished the same and began the beneficial use of water therefrom, and for a period of more than eight years after plaintiff had constructed its ditch and began the use of its appropriation, that the ditch of defendant, The Pleasant Valley and Lake Canal Company, terminated at said Bingham Hill, and its entire length covered not to exceed one thousand acres of land, of which not to exceed six hundred acres were under actual cultivation, and that the amount of water required and used for said land so cultivated did not exceed twenty cubic feet per second. That in the year 1879, five years after the plaintiff had made its full, actual and complete appropriation and use of the water subsequently decreed to it, The Pleasant Valley and Lake Canal Company commenced the construction of an extension and enlargement of its said ditch and constructed the same along the east side of Bingham Hill, and around the north point of said Bingham Hill and thence in a southerly direction, making its extension a total length of about ten miles, and brought under said ditch and extension over six thousand acres of new land which had never been cultivated or irrigated; that said extension and enlargement was not completed until 1882, and the lands lying under the extension were not irrigated to any extent until after said date. That said defendant company has gradually brought under cultivation since the year 1882, said lands, so that by the year 1892 the total amount of land so cultivated under said extension amounted to six thousand acres, none of which lands were

ever cultivated until after plaintiff had cultivated some
seven thousand acres of land under its ditch for a period
of from eight to ten years, and had fully used its appro-
priation and applied the same during all such times to a
beneficial use. That since the year 1892, the said defend-
ant, The Pleasant Valley and Lake Canal Company, had
taken from the Cache la Poudre river water that belonged
to this plaintiff, and that should flow past the headgate
of defendant company down to plaintiff's headgate, and
be diverted therein for the purpose of supplying its com-
plete appropriation made in manner as aforesaid, and
conveyed such water through defendant company's canal,
to and upon the lands lying under said extension, although
this plaintiff and its stockholders had made full appro-
priation of such water by actual use and application to a
beneficial purpose so early as the year 1874, and had their
lands under cultivation, and had actually used such water
thereon for a period of ten years before any water was
used under said extension of the defendant, The Pleasant
Valley and Lake Canal Company's ditch.

It is further alleged that the defendant John L. Arm-
strong as water commissioner, wrongfully permitted the
Pleasant Valley and Lake Canal Company to take from
the Cache la Poudre river, through its canal, about 40 cubic
feet of water per second, to be used under the said ex-
tension, all of which water belongs to the plaintiff. That
all of this has been against the protest of plaintiff, and
contrary to its repeated and constant demand upon the
water commissioner, that it be allowed to have furnished
to its ditch the water which it claims under its appropria-
tion. But that the defendant water commissioner has, at
the request of the defendant company, closed the head-
gates of the plaintiff, and deprived it of its appropriation
of water which it so alleges it was entitled.

The prayer was for injunctive relief.

It will be thus seen that the complaint alleges in sub-

stance that at the time of the completion of defendant's ditch, and for more than eight years thereafter, it terminated at Bingham Hill, and under which not more than six hundred acres were under actual cultivation, and which did not require more than twenty cubic feet of water per second of time for its necessary use, and that this was all that was used by the defendant up to the year 1882, at the time of the completion of defendant's extension. Also, that the six thousand acres of land under the extension was not all brought under cultivation until 1892, at which time the plaintiff began to lose the use of water under its appropriation after the 30th day of June, of each year. The water in dispute is that contained in the priorities under the decree No. 4, with 16.9 cubic feet of water per second of time of date of June 10th, 1861; priority No. 11, 23.63 cubic feet of water per second of time dated June 10th, 1864; and priority No. 49 of 16.6 cubic feet per second of time of date of July 9th, 1872, containing a total of 57.03 cubic feet all of which priorities are of date and right prior and superior to the appropriation of the plaintiff. The contention of the plaintiff in error, is therefore, that the defendant in error may only use such of this water as was applied to a beneficial use at the time and date of the decree of April 11th, 1882; and that the amount of the unused and unappropriated water was 37 cubic feet per second of time, which the plaintiff claims the right to use under its appropriation, as a junior appropriator, because the same was not used nor applied until 1882, and after the completion of the extension, when the water was wrongfully applied to the lands under the extension, commencing the use thereof in 1882, and continued and extended the application and use until 1892, when water was applied to the full six thousand acres thereunder.

The complaint also alleges that the defendant did not begin to apply this water to use under its extension until

1882, but whether or not this was prior or subsequent to the decree of April 11th, of that year does not appear, although water was not used on the entire tract under the extension until 1892, or for ten years thereafter. It appears then at the date of the decree the entire extension had been completed. But water was not used or applied to the lands under a large portion of it, for many years thereafter.

It is the contention of the defendant that by the decree its rights to the use of the water under the extension stands adjudicated and therefore may not be considered in this proceeding. On the other hand, plaintiff contends that it is beyond the power of the court, by that decree, and at that time, to grant the defendant the priorities for which it so contends.

It appears from the complaint also, that the defendant has remained in the constant and uninterrupted use of the water in dispute from a time beginning with 1882 up to the filing of the complaint in 1909, or for a period of twenty-seven years. But the complaint alleges that this has been over the repeated and insistent protest of the defendant.

Briefly, the defendant from its three priorities of 1861, 1864 and 1872, neither used nor applied more than twenty cubic feet of water of the total amount claimed and decreed until it turned water into its extension in 1882, and but for the decree would be entitled to no more than the twenty cubic feet of water so used and applied as against the plaintiff as a junior appropriator.

The question of abandonment by the plaintiff since the rendition of the decree, is not alleged in the complaint.

Counsel for plaintiff in error cites *Mercer Ditch Co. v. Armstrong,* 21 Colo., 357, 40 Pac. 989, as supporting its contention in this case, but that case was likewise cited and relied on in *Ditch Co. v. Ditch Co.,* 22 Colo. 115, 43 Pac. 140, where the court said: "Counsel for appellants,

however, misconceive the effect of the decision in that case if they deem it as authority in their favor. There the appropriator, who relied upon the provisions of the decree for the full quantity of water awarded him, abandoned a part of the same, and had never made any use thereof for a long period of time after the decree was rendered, which quantity of water thereby abandoned by him was subsequently appropriated by others. As against these subsequent appropriators, it was held that the decree offered no protection to the prior appropriator as to the entire quantity of water awarded, when, after the rendition of the decree, the claimant abandoned his rights to a portion thereof. In the case at bar the question of the waste of water is not properly before us, nor is there, in the pleadings, any claim that the water right has been abandoned by defendants. * * * * Hence the doctrine of abandonment cannot be invoked. * * * * very different was that case from the case at bar wherein it expressly appears from the allegations of the complaint that the defendants have continuously used the quantity of water given to them by the decree ever since its rendition and up to the time of the beginning of the present action, * * The amount of water, however, to which the defendants were entitled, was expressly adjudicated, according to the allegations of the plea of *res adjudicata* interposed here, by the district court of Boulder County in proceedings wherein these parties were duly represented. For that reason the plaintiffs are now estopped to allege to the contrary, as well as estopped to repudiate the decree whose benefits they have retained and long enjoyed.''

   . It is not alleged and it is scarcely possible, that the defendant's extension of ten miles in length, and occupying three years in construction, and its claim to the use and application of water thereunder, was not duly considered and determined by the court at the time of the rendition of the decree.

The complaint alleges that the plaintiff was a party to that proceeding.  It would seem clear that if the plaintiff had objection, to the claim of the. defendant established by the decree, that the proper time and place for its consideration was in that proceeding.

So far as the complaint alleges, no objection was made, and we must therefore assume that the plaintiff acquiesced in the decree, which granted to the defendant the very things of which plaintiff now complains.

Under the adjudication statutes, the priorities between ditch companies and other owners of irrigation ditches, and also all other questions of law and right growing out of, or involved or carried thereunder, are adjudicated.  *Combs v. Farmers' Highline Ditch Co.,* 38 Colo., 420, 88 Pac. 396.

It has been repeatedly held by this court that a proceeding to adjudicate priorities to the use of water for irrigation purposes cannot be attacked in a collateral proceeding after the statutory time for reformation or review in the court of original jurisdiction has expired, and the time for appeal has elapsed.  Also that a decree in such case, cannot in the absence of fraud, be re-opened by a party thereto after the lapse of the statutory period provided.

The complaint in this case recites an adjudication of the very matter of which it complains and which must therefore be held to be *res adjudicata.*

*The judgment is affirmed.*

In Division.

CHIEF JUSTICE MUSSER and JUSTICE GABBERT concurring.