## No. 11,072.

HINDERLIDER, STATE ENGINEER, ET AL. v. TOWN OF BERTHOUD.

Decided June 15, 1925.

Action to restrain water officials from refusing to divert water to a municipality. Judgment for plaintiff.

*Reversed.*

1. WATER RIGHTS—*Decree—Attack.* A party will not be heard to attack the validity of a decree to which he has expressly consented, and even allegations of departure from a statute in a statutory proceeding will not be considered.

2. *Decree—Construction.* The force and effect of a water adjudication decree must be determined as a whole, and the general rule is that a party to such a decree may not claim the benefit of parts that are favorable and reject those which are unfavorable to him.

3.      *Decree—Consent.* A party to an adjudication proceeding may not assert the invalidity of a decree for which he asked and to which he consented.

4.      *Decree—Review.* A water adjudication decree may not be successfully attacked, except for fraud, where no application for a review was made within two years after its rendition, nor any attempt made to have it set aside in an equity proceeding within the four year limit.

5.    *Decree—Estoppel.* A party having claimed and enjoyed rights under a decree is estopped to assert its invalidity, and is bound by it.

6.   JUDGMENT—*Foreign Issues—Adjudication—Effect.* A question litigated in one action may not be again litigated by the same parties in another action, even though the subject-matter of the litigation, upon proper objection, could not have been determined in the former action.

*Error to the District Court of Boulder County, Hon. Neil F. Graham, Judge.*

Mr. HARRY N. HAYNES, Mr. RALPH L. DOUGHERTY, for plaintiffs in error.

Mr. P. D. NELSON, Messrs. STOW & STOVER, Mr. W. K. LILLEY, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is a controversy between the town of Berthoud, a municipal corporation, plaintiff in the action, and several ditch and reservoir companies. The state and division water officials of water district No. 4, are only nominal parties defendant. In 1883 in an appropriate statutory proceeding in this water district, priorities were awarded to the defendants' ditches or canals and in 1890, in a supplementary proceeding, for their reservoirs. Additional priorities were thereafter awarded at different times.

The plaintiff's water works system received its decree in 1912. The controversy here arises out of that part of the general irrigation decree of 1912 which established the rights of the town of Berthoud. The single general decree consisted of different paragraphs or clauses, a separate decree to each of the ditches and reservoirs to which rights were given. The decree to the system of the town was an award of 3 cubic feet of water per second of time as priority No. 1 for domestic purposes. One of its clauses provided that temporarily the town's appropriation might be diverted and carried by means of the Handy ditch, belonging to one of the defendants, during the irrigation season only and until a pipe line should be constructed from the river to its impounding reservoir, which must be finished on or before January 1, 1920, and after the pipe line is finished the diversion and carriage shall be there-through at all seasons of the year. Until the pipe line was within the designated time constructed, and at such times during the irrigation season as there was not sufficient other water flowing through the Handy ditch by reason whereof the said 3 second cubic feet failed to supply at its said reservoirs sufficient water for the needs of the town, by reason of loss or seepage or evaporation as it was being carried through the Handy ditch, additional water not exceeding 6 second cubic feet might be temporarily diverted from the natural stream into the Handy ditch when required in amount sufficient to supply the needs of the town, and no more. After January 1, 1920, and prior thereto if the pipe line of the town was theretofore extended to the river, the right to use the additional 6 cubic feet in order to supply sufficient head shall cease. The state water distributing officers are at all times to be governed by this decree in the distribution of water to the town.

At the outset of the discussion it is well to say that this part of the general 1912 decree was rendered upon a stipulation entered into between the town and the real defendants in this action, the owners of the irrigated lands.

To avoid misapprehension we observe that only the rights of the litigating parties under this clause of the general decree are before us at this time and our decision in this case does not affect in any respect other parties than those who gave their consent to it. Whether other parties would or would not be bound by it is not a matter before us. The decree as entered in all respects conforms to the stipulation signed by the plaintiff town and the defendants. After its rendition and until the beginning of this action the water officials turned into the diverting canal the water awarded to the town, as fixed by the decree and in the manner thereby designated. The town did not complete its pipe line before January 1, 1920, or at all. One of the terms of the stipulation on which the decree was rendered is that the town on or before that day shall construct such a pipe line or water main from the river to the head of its present pipe line in the Handy ditch, of size and strength sufficient to carry economically from the river' sufficient water to supply the needs of the town and its inhabitants for domestic and municipal purposes, on the condition that failure to construct the pipe line shall not work a forfeiture or otherwise affect the 3 second feet of water for which the decree provided. The only penalty to attach to such a failure was the loss of the right to use the additional 6 second feet above referred to, which right in any event shall terminate January 1, 1920. This stipulation was signed by the town of Berthoud by its mayor and recorder and was executed by the defendants or their grantors. The finding of fact concerning the plaintiff's water works system, as made by the referee and adopted by the trial court, together with the decretal order and the stipulation in which appears the reason for requiring the town to build a pipe line, was that the Handy ditch through which its diversion was being made at the time of the decree, is constructed through porous substances at different points along its course so that when other water is being run. in the ditch it is necessary to divert at the river head

not to exceed 9 second feet to enable a sufficient quantity of water to be delivered at the head of the town's pipe line to supply the town with water for domestic purposes, and that not to exceed 3 second feet delivered at the town's present pipe line is ample supply for its actual present and prospective needs. The findings also recite that the present water works system of the town does not constitute facilities for economically supplying it with water for domestic purposes, and there is also a recital that the town had agreed on or before January 1, to construct a pipe line as above indicated.

In August, 1921, complaint in this action was filed by the town to restrain the water commissioner and the defendants from refusing to divert under the decretal order not to exceed 9 second feet, and to command them to divert for plaintiff at the headgate of the Handy ditch this amount of water; for a decree that the stipulation mentioned is void, and that there be excised from the present decree the provision that after January 1, 1920, or prior thereto, if the pipe line shall theretofore be constructed, the right to use the additional 6 cubic feet per second shall cease and determine. The grounds upon which the relief is asked are thus summarized: (1) The stipulation on which the decree was rendered was not the act of the town because its board of trustees did not authorize it. (2) The inhabitants of the town did not consent thereto or take part therein. (3) That the pretended stipulation does not relate to any matter properly involved in the adjudication proceedings.

The plaintiff also stated that the cost of construction of the new pipe line would be more than one-fourth of the plaintiff's assessed valuation and so great as to render it impossible for it to meet the conditions of forfeiture in the stipulation.

In the specification of the ground for the claim that the court did not have jurisdiction, but that it exceeded its powers in rendering this decree, it is said that in an

adjudication proceeding the only power of the court is to decree the amount and volume of an appropriation and fix its priority number; that the court had no right to decree any temporary amount of water and no power to decree any future method of use of water, or to fix any penalty or forfeiture to fail to build a pipe line. There was a general demurrer to the complaint by the defendant which was overruled. A restraining order was issued and a motion to dissolve it was denied. An answer was filed containing a number of defenses, in substance that the attack by the plaintiff was a collateral attack on the decree; that no application for a review or a reargument of the decree has ever been made by the plaintiff and, therefore, it is barred from prosecuting this action; that it seeks to escape the provisions of a decree to which it gave its consent at the time and, therefore, is estopped to raise the question of the lack of jurisdiction of the court in rendering it. Some testimony was taken by both parties on the issues of fact joined, but we do not pause to discuss the evidence for we think upon the admitted facts the judgment of the trial court in favor of the plaintiff must be reversed for the following, among other reasons, that the record discloses:

1. *Louden Irrigating Canal & Reservoir Co. v. Town of Berthoud,* 57 Colo. 374, 381, 140 Pac. 802, was a case between the town of Berthoud, plaintiff here, and one of the defendants in this action. The same decree was involved there that is now before us. We there held, against the contention of plaintiffs in error, and in favor of the defendant in error, the town of Berthoud, that a party will not be heard to attack the validity of a decree to which he has expressly consented, and that even allegations of departure from a statute in the statutory proceeding will not be considered. We do not see why, if the irrigation company, one of the defendants here, was not permitted to object to this same decree upon jurisdictional grounds, the town of Berthoud, which is the defendant in error here, may be heard to complain

of the same decree to which it likewise consented. It has taken a stand in this case directly contrary to its contention in the former case. Counsel, however, seek to justify its apparent inconsistent position and say that it is willing to abide by the valid, but not the invalid, parts of the decree, and while in the former action it may have objected to its adversary challenging the validity of a decree to which it consented, the town itself may, in this proceeding, divide this decree into separate parts or provisions and attack that part which is invalid and unfavorable to it and still retain the benefits of that portion of the same decree which is valid and favorable to it. We do not appreciate the force of the distinction or the argument in its support. This particular decree is only a part of the general adjudication decree of 1912. Necessarily it is subject to all provisions of similar previous decrees made in the same water district. The portion of the general decree of 1912 of which the separate clause now before us is a part, consists of various other separate parts applicable to other appropriators. This particular decree now before us must be considered in its entirety. Though it consists of different clauses, they are dependent, not independent, provisions. Its force and effect must be determined as a whole and the general rule is that a party to such a decree may not claim the benefit of the parts that are favorable and reject the parts that are unfavorable to him. Assuming for our present purpose, but not so deciding, that the only power of the court in the statutory proceeding is to decree the volume of an appropriation and fix its priority number and that, therefore, it was beyond its power to provide that if the town failed to build a pipe line on or before January 1, 1920, its right to use, in addition to its awarded priority of 3 cubic feet of water per second of time, 6 additional cubic feet per second of time, shall cease and determine, still this town, through its officers, was present in court at the time the decree was made, which was based in part upon its own statement of claim filed to secure the awarded prior-

ity, and it may not thereafter be heard to assert the invalidity of the decree which it asked for and consented to, or that the court had no jurisdiction to insert therein this so-called forfeiture clause.

But it is said that the board of trustees did not authorize its mayor or representative to give this consent. While it is true, as stated by this court in 57 Colorado, that the presumption is that the decree was rendered on the findings of the referee, which were approved by the court, and not upon the stipulation, nevertheless, the findings refer to and embody therein the essential provisions of the stipulation and it is evident that the decree would not have been rendered had it not been for the stipulation and consent of the parties. Even if the consent of the town, through its board of trustees, or by some vote of its inhabitants, was not formally given for the rendition of this decree, the town itself not only filed its claim for a decree, and thereby submitted itself to the jurisdiction of the court, but it has since the rendition thereof availed itself of the benefits by using and enjoying the water from the natural stream that has been turned into the Handy ditch and through it carried to the town's reservoirs and therefrom water to its inhabitants has been supplied for domestic purposes, which could not have been done had not the decree been made. It was only when the water commissioners, in obedience to the provisions of the decree, threatened to reduce the amount delivered into the canal to the 3 second cubic feet, and not the additional 6 second feet to furnish a sufficient head, that the town questioned, so far as this record discloses, the binding effect of the so-called forfeiture clause. Even assuming that what the town calls the void provisions of this decree were not proper matters for consideration, or within the jurisdiction of the court, and would not now be enforcible had objection been made at the time, the town is now estopped to raise the jurisdictional question because it expressly consented to the court's orders.

An additional reason for reversal is that there has been

no reargument or review or an application for a reargument or review of this decree by the town within the two years within which such an attack may be made, nor has the town within the 4 years since the rendition of the decree, by appropriate suit in a court of equity, attempted to have it set aside.

Again, in many cases this court has held that one, who accepts and retains the fruits of a void judgment, is estopped from assailing the judgment itself. The plaintiff here certainly would not be entitled to have water from a natural stream diverted from the stream and carried therefrom to its reservoirs in the absence of a decree awarding it a priority. This decree awarded the priority to the town and the water officials, having a copy of the decree, permitted diversion to be made accordingly, and the town utilized the water thus diverted. Certainly the town thereby availed itself of the benefits of this decree, one of whose provisions it seeks to repudiate. That cannot be done. See also *Boulder & Weld County D. Co. v. Lower Boulder D. Co.*, 22 Colo. 115, 43 Pac. 540, where this court again declares the doctrine that a party having claimed and enjoyed rights under a decree is estopped to assert its invalidity and is bound by it. It is no answer to this proposition for the town to assert that it does not seek to overthrow that clause of the decree which awards the priority which is favorable and that it desires only to nullify the forfeiture clause of the decree which the court had no jurisdiction to insert. Where, as here, two different clauses of a decree are interdependent, a party may not enjoy the favorable, and repudiate the unfavorable, one. It would be manifestly unjust to permit a party to determine for himself what portion of a decree he shall obey, to which he has given his consent in its entirety. The doctrine is reannounced in *Handy D. Co. v. South Side D. Co.*, 26 Colo. 333, 336, 337, 58 Pac. 30, and again in *Kerr v. Burns*, 42 Colo. 285, 289, 290, 93 Pac. 1120. The Kerr Case says that one who receives water according to the terms of a decree

thereby avails himself of its benefits and is estopped to repudiate or assail the same even on jurisdictional ground. *Ditch & Res. Co. v. Irri. & Land* Co., 27 Colo. 521, 62 Pac. 364; *Jones v. Langhorne,* 19 Colo. 206, 34 Pac. 997. A recent case, *Field v. Kincaid,* 67 Colo. 20, 184 Pac. 832, contains a discussion of several questions involved here. While it holds that a decree void on its face may, in a proper case, be so declared by any other court, it is authority for the doctrine that one who institutes an action or is a party thereto and obtains a decree and avails himself of it will not be heard afterwards to deny the jurisdiction of the court which pronounced it. He is estopped to deny the court's power in the premises. In *Garf v. Weitzman,* 72 Colo. 136, 209 Pac. 809, this court held that where a party deliberately consents at the trial to a rendition of a judgment he is estopped to predicate error thereon in the appellate court. The court does not explicitly rule on the exact point involved here, but the reasoning is just as applicable where the error is based upon a jurisdictional ground as upon an irregularity in the procedure.

There is another ground upon which the plaintiff may not be heard to question this decree. Its counsel say that the provision therein providing for a forfeiture of rights upon a failure to build a pipe line, and the provision as to a future method of the use of water, are not within the contemplation of the statute. First we say that it is not at all clear, although it is not necessary for us so to decide, that these provisions of the decree are not authorized by the statute providing that the court may determine all questions of law and questions of right growing out of, or involved or connected with, the adjudication of the priorities to be awarded and the amount of water claimed to have been appropriated. But if they are not within this classification of the statute, they are matters which the district court in a proper proceeding had jurisdiction to determine. The parties to this decree, without any objection, permitted the trial court to pass

upon and determine the conditions upon which its award was made. The court would have jurisdiction in a proper case to make such determination, hence neither party to the decree thereafter will be permitted to be heard with an objection thereto when he expressly consented to its rendition. This doctrine has been expressly declared by this court in *Bijou Irr. Dist. v. Weldon Val. D. Co.*, 67 Colo. 336, 184 Pac. 382, the court holding that a question litigated in one action may not be again litigated, by the same parties, in another action, even though the subject-matter of the litigation, upon proper objection, could not have been determined in the former action. The same doctrine was announced in *Estes v. Crann*, 73 Colo. 438, 216 Pac. 517, and again in *Cache la Poudre Co. v. Water S. & S. Co.*, 74 Colo. 1, 6, 7, 8, 218 Pac. 739.

The real objections of the town to this decree appear to be, first, that if it is enforced as it reads it will not be able to have diverted from the natural stream more than 3 second feet of water through the Handy ditch because it has failed within the time specified to construct a pipe line for carrying the water, and that according to the decree, after January 1, 1920, even though it has failed to build a pipe line it will be restricted to the actual amount of water awarded to it as sufficient for its present and future needs. The town seems either to overlook or ignore the fact that if the provisions of the decree that are objectionable to it are eliminated, there is nothing left of the decree except the first clause by which the town is entitled only to 3 cubic feet of water per second of time and no more for domestic purposes. It also overlooks the fact that it was not contemplated by statute that any award should be made and no provision therefor has been made for an award of a priority for domestic use. If the town's position in this case is correct and the decree should be interpreted and enforced as it desires, it would have no rights which the water officials would be obliged to respect. It is only by virtue of this particular part of the separate clause

of the general decree which the town asks to have stricken that it was ever entitled to or was enabled to get any water at all from the natural stream in addition to the 3 cubic feet.

This court has a number of times held that after the period for a review of an irrigation decree has expired and no appeal therefrom has been taken, a party thereto may not thereafter be heard to object to any of its provisions even on jurisdictional grounds and not at all except upon the ground of fraud. *Larimer County Irri. Co. v. Pleasant Val. & L. C. Co.,* 55 Colo. 138, 133 Pac. 749. It will be observed that the language of this decree, while it awards a perpetual right to the town to take from the natural stream 3 cubic feet of water per second of time for domestic purposes, it provides that it may be temporarily diverted and carried by means of an open ditch until the town constructs a pipe line from the river to its reservoir, and after such line is constructed that the diversion and carriage must be through the pipe line and not the open ditch. Evidently this provision was inserted to meet the decisions in *Broadmoor D. Co. v. Brookside W. & I. Co.,* 24 Colo. 541, 52 Pac. 792; *Montrose C. Co. v. Loutsenhizer D. Co.,* 23 Colo. 233, 48 Pac. 532, and *Town of Sterling v. Pawnee D. E. Co.,* 42 Colo. 421, 94 Pac. 339, 15 L. R. A. (N. S.) 238, that our Constitution does not contemplate a diversion of water for domestic use from the public streams by means of large open canals because of the unnecessary waste of water that thereby would be entailed. This decree, therefore, rightly interpreted, means that the diversion of the priority awarded might be temporarily made and continued through the Handy ditch until January 1, 1920, but that after such time the town must construct a pipe line from the river to its reservoirs, and for its failure to do so it must be restricted to the minimum amount of 3 cubic feet of water per second of time if it continues to use the Handy ditch as a carrier. On no theory that has been advanced by learned counsel for the town do we find any authority

that would permit the town to repudiate the decree to which it has consented and of whose benefit it has availed itself, merely because the decree in part has been burdensome to it and its inhabitants.

The decree is, therefore, reversed and the district court is instructed to dismiss the action.

·MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.