No. 17,721.

Nellie M. Reagle, et al. *v.* The Square S Land and
Cattle Company.
(296 P. [2d] 235)

Decided April 16, 1956.

Mr. ROBERT DELANEY, Mr. KENNETH BALCOMB, for plaintiffs in error.

Messrs. HOLLAND & HART, Mr. ROBERT P. DAVISON, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

DEFENDANT in error, hereinafter referred to as plaintiff, filed its complaint against plaintiffs in error, hereinafter referred to as defendants, wherein it was alleged that plaintiff was the owner of the Bar D Ditch, No. 25-C, with priority No. 27-C dating from August 15, 1885, for 1.6 cubic feet of water per second of time from Ryan Gulch, a tributary of Piceance Creek, Rio Blanco County, Colorado. It was alleged that such water right was adjudicated by a decree of the District Court of said county in an adjudication of water rights in District No. 43. It was also alleged that plaintiff and its predecessors in title have made use of said ditch and its adjudicated water right for irrigation purposes over a period of many years; that defendants, also herein referred to as the Reagles, owners and operators of an upstream ranch, over the protests of plaintiff and in contravention of the adjudication decree and the orders of the Water Commissioner for said district No. 43, have unlawfully diverted the waters of Ryan Gulch onto their own land as a result of which plaintiff has been and is being deprived of the use of said water. Plaintiff prayed for injunctive relief.

Defendants filed an answer and counterclaim in which they denied the essential averments of the complaint, except that they are owners and operators of a ranch along Ryan Gulch; admitted that they have diverted waters from that water course for irrigation of their lands; alleged that they are entitled to so divert such water

thru the Miller ditch owned by them; that said ditch is numbered 28 with a priority of five-tenths of a cubic foot of water per second of time. As a counterclaim they alleged that plaintiff had abandoned the Bar D ditch with its priority No. 27-C. Defendants prayed for a dismissal of plaintiff's complaint and for a decree that plaintiff had abandoned its water right. Trial to the court resulted in findings for plaintiff and a decree enjoining defendants from interfering with plaintiff's adjudicated water right. Ample findings of fact and conclusions of law were entered by the trial court.

Defendants bring the case here for review on writ of error.

The evidence supports the findings of the trial court that defendants, as upstream appropriators, have interfered with stream conditions to the detriment of plaintiff and that there was no abandonment by plaintiff of its priority under the Bar D ditch. Defendants by installing an expanding system of ditches and using most of the available water, allowed only so much as was in excess of their needs to flow thru their property. The record shows that plaintiff made continuous use of the water available to it and always insisted on its priority. The trial court so determined. The Bar D water right antedates that of the Miller Ditch thru which defendants divert their water.

In the instant case defendants collaterally attack the ancient general adjudication decree under which plaintiff claims. At the same time they ignore two basic principles applicable to all appropriations of water: (1) He who is first in time is first in right, and (2) an appropriator of water from a stream may insist that conditions on the stream remain substantially as when he made his original appropriation and he may prevent interference therewith by others to his detriment. *Comstock v. Ramsay,* 55 Colo. 244, 133 Pac. 1107; *Farmers Highline Canal and Res. Co. v. City of Golden,* 129 Colo. 575, 272 P. (2d) 629.

The evidence in this case discloses, and the trial court found, that the available water will flow to the Bar D ditch if not diverted. During one season the plaintiff did receive its full amount of water. This was during a year when the defendants did not interfere with the flow. Mrs. Reagle, one of the defendants, admitted on the witness stand that only water in excess of defendants' desire was allowed to go down Ryan Gulch, a situation which occurs only in winter and early spring when her ditches are closed.

The original proceeding to adjudicate water rights in Water District No. 43 culminated in a decree in May, 1889. On October 30, 1889, Thomas Hutchinson, et al., filed in said cause a petition for a "rehearing and review of said decree" alleging that certain claimants were unable to appear at the original hearing before E. T. Taylor, referee, and that "many of the rights as now adjudged and decreed are placed in advance of the time that should be decreed to them, thereby materially affecting the rights of others of older date." The District Judge granted the petition and appointed C. W. Forman as referee to hear and determine the matter. The trial court directed that the hearing be had in Meeker, Rio Blanco County, Colorado, and it was so held after proper notice to all parties. The referee's report was made, approved, and in due course the decree was signed by the judge and recorded in the records of the district court of Rio Blanco County, Colorado.

This court has never recognized the right of parties to a water adjudication to complain of the results after the expiration of the statutory time for review, except on the ground of fraud. In *Hinderlider v. Town of Berthoud,* 77 Colo. 504, 238 Pac. 64, it was said: "This court has a number of times held that after a period for review of an irrigation decree has expired and no appeal therefrom has been taken, a party thereto may not thereafter be heard to object to any of its provisions even on

jurisdictional grounds and not at all except upon the ground of fraud."

Defendants in the instant case as successors in interest to rights adjudicated in the decree cannot collaterally assail an adjudication which has been recognized for more than sixty years. They may not at this late date urge defects therein which might have been corrected had they been presented in the original proceedings.

Water District No. 43, then in Garfield County, was created by an act of the General Assembly in 1887. Rio Blanco County, its boundaries including nearly all of Water District No. 43, was created out of a part of Garfield County in 1889. The original adjudication proceedings in this district were initiated in April, 1888 in the District Court of Garfield County, Rio Blanco County being in the same judicial district. Its original decree was entered in May, 1889. In October, 1889, the Hutchinson petition for rehearing or review of this decree was filed. The referee submitted his report in April, 1890, and after due opportunity for objections the decree here involved was entered.

It is asserted that the district court of Rio Blanco County was without jurisdiction, hence it is argued that there was no decree.

The trial court found from the records of the two district courts (in the same judicial district) that "it is certainly apparent that the transfer was more convenient to all persons in interest considering their places of residence and the loci rei sitae." He also found that the proceeding was completed in Rio Blanco county by judgment and decree duly entered. He also determined that "the Findings as thus made up and signed have at all times since been recognized as a part of the decrees of this Court for Water District No. 43 and never have been successfully, if ever, attacked in the more than 60 years since their entry of record. * * * the decree in controversy has always received full faith and credit in con-

nection therewith. We cannot overlook the fact that 27 ditches and other structures were and are involved in this decree. * * * The Reagles have been interfering with nature by holding the waters on their own lands, thereby depriving plaintiff of its senior right."

The learned trial judge observed the witnesses, considered their testimony, estimated the several exhibits submitted and found that the evidence sustained the allegations of the complaint and that plaintiff had not abandoned its water right. There is competent evidence in the record to support these findings and under the oft repeated holding of this court will not be set aside when thus supported.

The decree under which plaintiff claimed its priority was a judgment of the district court, properly entered, and is binding on all parties thereto and their successors in interest. To hold otherwise would destroy the stabilizing effect of all judicial determinations. After the lapse of sixty years, irregularities, if any, in the proceedings cannot be allowed to upset a decree which has been so long accepted as valid and which is the basis of valuable rights.

We conclude that the trial court committed no prejudicial error. Its findings and judgment are amply supported by the evidence submitted, as well as by convincing logic and the law applicable to the case. The judgment is affirmed.